390 A.2d 1297

**COMMONWEALTH of Pennsylvania**

v.

**Steve FORNATARO, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 21, 1977.

Decided July 12, 1978.

400

William M. Panella, New Castle, for appellant.

Donald E. Williams, District Attorney, New Castle, submitted a brief for Com., appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant challenges his sentence as manifestly excessive. For the reasons which follow, we remand for resentencing.

On October 20, 1976, appellant pleaded guilty to theft,[1] burglary,[2] and receiving stolen property.[3] On December 1, 1976, the lower court sentenced appellant to imprisonment for two to five years for theft, one and a half to five years for burglary, and one to four years for receiving stolen property. The court ordered that all sentences would run concurrently with the theft sentence. This appeal followed.

1. The Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973; 18 Pa.C.S. § 3921.

2. The Crimes Code, supra; 18 Pa.C.S. § 3502.

3. The Crimes Code, supra; 18 Pa.C.S. § 3925.

We believe that appellant's excessiveness contention calls into question not only the length of the sentence, but also propriety of the sentencing process. This is true because appellant argues implicitly, that the excessiveness stems from the lower court's failure to impose a sentence in conformity with Pennsylvania's system of individualized sentencing. In essence, appellant's claim is that a sentence imposed without such individual attention is an abuse of discretion. *Commonwealth v. Wrona,* 442 Pa. 201, 275 A.2d 78 (1971); *Commonwealth v. Warner,* 227 Pa.Super. 291, 324 A.2d 361 (1974).

Pennsylvania's system of individualized sentencing is codified in the Sentencing Code [4] which provides, in pertinent part: " . . . the court shall follow the general principle that the sentence imposed should call for the minimum amount of confinement that is consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant." [5] In *Commonwealth v. Martin,* 466 Pa. 118, 133, 351 A.2d 650, 658 (1976), our Supreme Court stated that in order to make such an individualized determination, the lower court must consider "the particular circumstances of the offense and the character of the defendant." *See also* ABA Project on Minimum Standards of Justice, Standards Relating to Sentencing Alternatives and Procedures, § 2.2 (Approved Draft, 1968). The Court acknowledged that while sentencing is usually left to the sound discretion of the trial court, "the court's discretion must be exercised within certain procedural limits, including *the consideration* of sufficient and accurate information." supra, 466 Pa. at 131–132, 351 A.2d at 657 (emphasis added).

In *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977), our Supreme Court again addressed the issue of how to conform the sentencing process to Pennsylvania's requirements of individual sentencing. The Court held that "the

4. The Sentencing Code, Act of December 6, 1972, P.L. 1482, No. 334, added, Act of December 30, 1974, P.L. 1052, No. 345, § 1, effective in 90 days; 18 Pa.C.S. § 1301 et seq.

5. The Sentencing Code, supra; 18 Pa.C.S. § 1321(b).

sentencing process will be improved by requiring a trial court to state, on the record, the reasons for the sentence imposed." In support of this requirement, the Court emphasized that "[w]ithout a statement of reasons on the record, it is difficult to perceive how an appellate court can discern whether the trial court has exercised its discretion [in accordance with the principles of *Martin* ] . . . Absent a statement of reasons, this Court will not be able to ensure that trial courts comply with the requirements of Pennsylvania's system of individualized sentencing," supra, 474 Pa. at 133, 377 A.2d at 149, fn. 24. In short, an appellate court cannot determine whether a particular sentence is excessive and thereby constitutes an abuse of discretion unless it knows why the lower court imposed that sentence and what information it considered.

In *Commonwealth v. Wertz,* 252 Pa.Super. 584, 384 A.2d 933 (1978), our Court applied the lessons of *Martin* and *Riggins.* In *Wertz,* appellant contended that the sentence imposed was manifestly excessive. Because the record did not contain an articulation of reasons in support of the sentencing decision, our Court could not determine whether the lower court abused its discretion. Accordingly, we remanded for resentencing pursuant to *Riggins.*

In the instant case, the record is devoid of a statement of reasons for the imposition of the particular sentence chosen. Consequently, our Court cannot undertake the kind of meaningful appellate review of the sentencing process contemplated by our Supreme Court in *Riggins. See also Commonwealth v. Kostka,* 475 Pa. 85, 379 A.2d 884 (1977). Accordingly, we vacate the judgment of sentence and remand to afford the trial court an opportunity to resentence appellant and to include a statement of reasons for the sentence imposed.[6]

Judgment of sentence vacated and case remanded for proceedings consistent with this opinion.

---

**6.** The result in *Riggins, Kostka,* and *Wertz,* supra, forecloses a remand for the sole purpose of permitting the lower court to articulate the reasons for its sentence.

PRICE and VAN der VOORT, JJ., dissent.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.