395 A.2d 953

COMMONWEALTH of Pennsylvania

v.

Raymond FISHER, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 15, 1978.

Decided Dec. 14, 1978.

Malcolm M. Limongelli, First Assistant Public Defender, Wilkes-Barre, for appellant.

Patrick J. Toole, Jr., District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before PRICE, HESTER and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court abused its discretion in imposing an excessive sentence. Because the record does not contain sufficient information to allow our Court to assess this claim, we vacate and remand for resentencing.

On May 3, 1977, the lower court tried appellant without a jury on charges stemming from the January 1, 1977 burglary of a pinball arcade. Only the testimony of a 16 year old coburglar [1] linked appellant to the crime. The court found appellant guilty of criminal conspiracy [2] and burglary [3] and ordered the Pennsylvania Board of Probation and Parole to conduct a presentence investigation. On July 12, 1977, the lower court sentenced appellant to one term of imprisonment of three months to five years less one day for both charges. The transcript of the sentencing proceeding reveals absolutely no statement of reasons for this sentence by the lower court. Moreover, the record does not contain a copy of the presentence report or an opinion in support of the order pursuant to Pa.R.App.P. 1925.

It is now well-settled that we cannot determine whether a particular sentence is excessive unless we know what information the court considered and the reasons for the imposition of sentence. *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977); *Commonwealth v. Bolyard*, 256

1. Prior to appellant's trial, this co-burglar received a six month probationary sentence for burglary of the arcade; he had previously been on probation for another burglary.

2. The Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1; 18 P.C.S.A. § 903.

3. The Crimes Code, *supra*; 18 P.S.C.A. § 3502.

84

Pa.Super. 57, 389 A.2d 598 (1978); *Commonwealth v. Wertz,* 252 Pa.Super. 584, 384 A.2d 933 (1978). *See Commonwealth v. Kostka,* 475 Pa. 85, 379 A.2d 884 (1977); *Commonwealth v. Martin,* 466 Pa. 118, 351 A.2d 650 (1976). In the instant case, the record reveals no articulation by the lower court of its reasons for imposing the sentence it did upon appellant. Moreover, because we do not have a copy of the presentence report, we do not know what information the lower court had before it. The resulting deficiency of the record precludes meaningful appellate review. Accordingly, we vacate the judgment of sentence and remand the case to give the lower court an opportunity to resentence appellant and to include a statement of reasons for the sentence imposed.[4]

Judgments of sentence vacated and case remanded for resentencing.

---

4. The result in *Riggins* and *Wertz, supra,* precludes our remanding solely for the purpose of permitting the lower court to articulate the reasons for its sentence.