413 A.2d 725

**COMMONWEALTH of Pennsylvania,**

**v.**

**Thomas MAHAN, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1979.

Filed Nov. 2, 1979.

Joseph F. Sklarosky, Assistant Public Defender, Wilkes-Barre, for appellant.

Chester B. Muroski, District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

CERCONE, President Judge:

Appellant takes this appeal from his judgment of sentence entered subsequent to the court's acceptance of appellant's plea of guilty on charges of theft by deception,[1] passing a bad check,[2] and two counts of conspiracy.[3] For these convictions, appellant received varying sentences, both consecutive and concurrent, totaling from nine months to nine years, eleven months and twenty-eight days. Appellant argues that these sentences are manifestly excessive and further argues that the trial court failed to give its reasons for the sentence imposed. Because we find that the lower court failed to comply with the sentencing parameters set forth in *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1972), we hereby vacate the judgment of sentence and remand for resentencing.

[1]. Crimes Code, 18 Pa.C.S. § 3922 (1973).

[2]. *Id.* at § 4105.

[3]. *Id.* at § 903.

In *Commonwealth v. Riggins*, supra, the Supreme Court ruled that a trial court must, when it imposes sentence, put in the record its reasons for imposing it. The *Riggins* Court noted that the legislature delineated a number of factors which might be considered by the sentencing court when deciding whether to order probation, partial confinement, total confinement or a fine,[4] the basic policy being that the sentence imposed should call for the "minimum amount of confinement that is consistent with the protection of the public, the gravity of the offense, and the rehabilitative need of the defendant."[5]

In the instant case, when the court imposed sentence, it said,

> "[T]he court has taken into consideration the gravity of the offenses, the need for deterrents, punishment, rehabilitation, protection of society and the public and hopefully the future prevention of further crime."

No opinion was filed by the court, as is required by the Pa.R.App.P. 1925, and the pre-sentence report was not made a part of the record. Consequently, we find the boilerplate reasons listed by the trial court to fall far short of "reasoned basis" discussed by the *Riggins* court. Although the trial court at sentencing alluded to all the important considerations that are involved in sentencing a defendant, it gave no consideration of how these considerations applied to appellant. In short, this record does not supply this Court with sufficient information for a meaningful review of the sentence imposed. See *Commonwealth v. Fisher*, 261 Pa.Super. 82, 395 A.2d 953 (1978); *Commonwealth v. Fornataro*, 257 Pa.Super. 399, 390 A.2d 1297 (1978). Accordingly, we vacate the judgment of sentence and remand for further proceedings consistent with this opinion.

Judgment of sentence vacated and case remanded for resentencing.

4. *See* Crimes Code, 18 Pa.C.S. § 1301 et seq. (Supp. 1979).

5. *Id.* at § 1321(b).