427 A.2d 236

**COMMONWEALTH of Pennsylvania**

v.

**Harry Paul BRYNER, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 14, 1980.

Decided March 20, 1981.

Peter U. Hook, Uniontown, for appellant.

Gerald R. Solomon, District Attorney, Uniontown, for Commonwealth, appellee.

Before SPAETH, JOHNSON and POPOVICH, JJ.

POPOVICH, Judge:

On April 3, 1979, the appellant, Harry Paul Bryner, entered pleas of guilty to forty-three (43) charges of burglary, theft and receiving stolen property.[1] On October 9, 1979, a term of imprisonment of not less than five (5) years nor more than ten (10) years was imposed for the offense at No. 357 of 1978. A consecutive sentence of not less than four (4) years nor more than eight (8) years was ordered for the offense at No. 471 of 1978. The sentences for the remaining crimes were either suspended or ordered to run concurrently. Thereafter, appellant filed a motion for reconsideration of sentence which was denied by the court below.

The sole contention raised by appellant on appeal is that the sentences imposed were manifestly excessive. The validity of said claim cannot be determined from the instant record; therefore, we must vacate the judgments of sentence and remand for resentencing.

As this Court has often stated:

"It is settled that the imposition of a proper sentence is a matter vested in the sound discretion of the sentencing

---

1. Appellant was also charged with criminal conspiracy and criminal homicide. However, these crimes were nol prossed by the Commonwealth in accordance with a plea bargain entered into with the accused. Also, it is to be noted that the voluntariness of the pleas is not presently before the Court, as appellant has not raised it on appeal.

judge. *Commonwealth v. Valentin*, 259 Pa.Super. 496, 393 A.2d 935 (1978). In exercising this discretion, however, the judge must rely on full and accurate information and must state on the record the reasons for the sentences imposed. *Commonwealth v. Riggins*, [474 Pa. 115, 377 A.2d 140 (1977)]; *Commonwealth v. Wicks*, 265 Pa.Super. 305, 401 A.2d 1223 (1979). This statement of reasons must show that in imposing sentence, the judge attached weight to the factors set forth in the statutory guidelines for sentencing, and carefully considered the facts concerning the circumstances of the offense and the character of the defendant. *Commonwealth v. Wicks, supra.* If the sentencing judge fails to state the reasons for the sentences on the record, we will vacate the sentences and remand for resentencing. *See Commonwealth v. Young*, [272 Pa. Super. 82, 414 A.2d 679 (1979)]; *Commonwealth v. Wicks, supra."* *Commonwealth v. Maxwell*, 280 Pa.Super. 235, 242, 421 A.2d 699, 703 (1980).

The only evidence of record reflective of the "circumstances of the offenses and the character of the accused" came from counsel, who stated that: 1) appellant was instrumental in securing the conviction of those persons responsible for the commission of a homicide in a neighboring county; 2) appellant did no more than drive the vehicle in the crimes to which he pled guilty; 3) no bodily injury was inflicted by appellant in any of the crimes committed; 4) appellant was willing to make some kind of substantial restitution; 5) appellant was a family man with children ages 7 and 8; and 6) appellant provided information to law enforcement agencies to aid them in disposing of outstanding cases—this point was corroborated by the district attorney of Somerset County and a state trooper from Westmoreland County.

When it came time for the lower court to fix sentence, it stated the following:

"In making these sentences the Court feels that this is the minimum sentence and the minimum amount of time of confinement that is consistent with the protection of the public and the gravity of the offense and the rehabilita-

tive needs of the defendant. We feel that a lessor sentence would depreciate the seriousness of the crime of the defendant." N.T. 10/9/79, at 12)

These statements, we conclude, fall short of complying with the dictates of *Commonwealth v. Riggins, supra.* More particularly, "in the consequence of their brevity and conclusory quality, they do not manifest a consideration of the statutory guidelines for sentencing, nor otherwise explain the reasoning behind the sentences imposed." *Commonwealth v. Wicks, supra,* 265 Pa.Super. at 313, 401 A.2d at 1227; *see also Commonwealth v. Valentin, supra* (court need not specifically cite or include the language of the sentencing code in fixing sentence provided the reasons stated adequately indicate balancing of all relevant factors).[2] Further, there appears to be no statement of reasons in the lower court's memorandum opinion to fill this void. *See Commonwealth v. Wertz,* 252 Pa.Super. 584, 384 A.2d 933 (1978) (where neither the record nor lower court opinion contains reasons for sentence imposed, remand for resentencing required); *accord, Commonwealth v. Turecki,* 278 Pa.Super. 511, 420 A.2d 658 (1980).

■ Consequently, given the paucity of facts in the instant case, we cannot effectively treat appellant's claim that the sentences were excessive.[3] *Commonwealth v. Jefferson,*

2. The fact that testimony was proffered at the hearing did not dispense with the requirement that the court state its reasons for the consecutive sentences. *"Testimony . . .* and the contents of a presentence report, cannot constitute a statement of *reasons;* they rather constitute only the beginning of the process by which the court formulates its statement of reasons." (Emphasis in original) *Commonwealth v. Wicks, supra,* 265 Pa.Super at 313, 401 A.2d at 1227. In light of such language, the Court finds it necessary to point out that the court below wholly failed to articulate any reasons for dispensing with a pre-sentence report. Pa.R.Crim.P. 1403A(2)(a). To prevent further appeals, this error should be corrected on remand. *Commonwealth v. Schwartz,* 267 Pa.Super. 170, 173 n. 5, 406 A.2d 573, 574 n. 5 (1979). *See also Commonwealth v. Martin,* 466 Pa. 118, 351 A.2d 650 (1976).

3. It may well be that after compliance with the mandates of *Commonwealth v. Riggins, supra,* and the Sentencing Code, Act of December 30, 1974, P. L. 1052, No. 345, § 1, 18 Pa.C.S.A. §§ 1321, 1322 and 1325 (Supp. 1979–80), the sentences were lenient. However, to

310

484 Pa. 115, 398 A.2d 971 (1979). Therefore, we vacate the judgments of sentence and remand to allow the lower court an opportunity to articulate its reasons for the sentences imposed. Any further appeal must be from the new sentence thus imposed.

make such a determination now on such a meager record would require us "to guess at the lower court's reasons for the sentence, and we must not substitute our thought processes for what might have been the thought processes of the lower court." (Footnote omitted) *Commonwealth v. Wicks, supra,* 265 Pa.Super. at 314, 401 A.2d at 1227. As a result, a remand is necessary.