429 A.2d 716

**COMMONWEALTH of Pennsylvania,**

v.

**Robert Irvin WALTERS, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1980.

Filed May 15, 1981.

54

William R. Hughes, Somerset, for appellant.

George B. Kaufman, Assistant District Attorney, Somerset, for Commonwealth, appellee.

Before SPAETH, JOHNSON and POPOVICH, JJ.

POPOVICH, Judge:

On August 20, 1979, appellant, Robert Walters, entered pleas of guilty to charges of theft and burglary. The court imposed a sentence of three (3) to seven (7) years each on the theft offenses (Nos. 53 and 56B of 1979, respectively), ten (10) to twenty(20) years on the burglary offense at 56B of 1979, and two (2) to five (5) years on the theft offense at 55B of 1979. These sentences, with the exception of the theft offense at 55B, were to run concurrently. Appellant was also ordered to make restitution on all charges and to pay the costs of prosecution. Thereafter, appellant filed a motion for reconsideration of sentence which was denied in part and granted in part by the trial court.[1]

1. On October 1, 1979, the court conducted a hearing on appellant's motion to reconsider the sentence and ordered that all offenses were to run concurrently. At the original sentencing hearing, the court said inadvertently that the minimum sentence was ten (10) years. However, at the reconsideration hearing, the court issued the following order:

"NOW, Monday, October 1st, 1979, the defendant's motion for reconsideration of sentence having come before the court for hearing, and it appearing that the sentencing court erred in stating the aggregate sentence as not less than ten (10) years nor more than twenty-five (25) years rather than twelve (12) years nor more than twenty-five (25) years as the preceding sentences would appear to warrant, and giving to the defendant the benefit of all doubts and ambiguities;

The single issue raised by appellant on appeal is that the sentences imposed were manifestly excessive. However, because we cannot ascertain from the record before us the trial court's reasons for the sentence, the judgments of sentence must be vacated and the matter remanded for resentencing.

This Court has restated often the guidelines for reviewing a claim by a defendant that the sentence was illegal:

> "It is settled that the imposition of a proper sentence is a matter vested in the sound discretion of the sentencing judge. *Commonwealth v. Valentin*, 259 Pa.Super. 496, 393 A.2d 935 (1978). In exercising this discretion, however, the judge must rely on full and accurate information and must state on the record the reasons for the sentences imposed. *Commonwealth v. Riggins*, [474 Pa. 115, 377 A.2d 140 (1977)]; *Commonwealth v. Wicks*, 265 Pa.Super. 305, 401 A.2d 1223 (1979). This statement of reasons must show that in imposing sentence, the judge attached weight to the factors set forth in the statutory guidelines for sentencing, and carefully considered the facts concerning the circumstances of the offense and the character of the defendant. *Commonwealth v. Wicks*, supra." *Commonwealth v. Maxwell*, 280 Pa.Super. 235, 242–43, 421 A.2d 699, 703.

Although the trial court commented on "the character of the defendant" when it said at the sentencing hearing and in the opinion that appellant had a "very heavy record",[2] the

> We now revoke that portion of the sentence making the sentence in No. 55 b Criminal 1979 to run consecutive to the other sentences, and instead direct that the sentence in No. 55 b Criminal 1979 of two (2) to five (5) years shall run concurrently with the other sentences, making an aggregate sentence of not less than ten (10) years nor more than twenty (20) years.
>
>> By the Court:
>> /s/ Charles H. Coffroth
>> P.J."

**2.** Sentencing Hearing at p. 11. Appellant's prior record consisted of a "life-term for murder, 20 to 40 years for burglary, and 2½ to 20 years receiving stolen property, all in Fayette County, apparently imposed consecutively, and a 2½ to 7 year sentence in Greene County." Trial Court Opinion, p. 2.

only evidence "concerning the circumstances of the offense" was introduced by a police officer who testified to the factual circumstances surrounding the burglaries and the thefts. Sentencing Hearing at pp. 2–5. At the reconsideration hearing, the trial court said the following:

"THE COURT: I think your record deserves it. You don't come in here with a very good record, Mr. Walters. If I hadn't slipped of the tongue, we'd let it sit and [sic] 12 and 25. I can't agree with you on the last point that this sentence is unfair. I don't see how you figure that you can go out in society and commit crimes of this type that you know are serious crimes. You know you're going to pay a penalty; and when you get caught and you get sentenced like the law provides, you say it's unfair. Can't understand it.

DEFENDANT: I didn't say the 10 and 20 ain't deserved. I said I feel that the 20 just for one sentence was unfair. But if the sentence is added up, the 10 to 20 for all of them would be maybe justified.

THE COURT: That's in effect what happened. You see, if we impose—I see what you're getting at. That we should have just sentenced for that particular crime for what that crime would have justified, right?

DEFENDANT: Yes, sir.

THE COURT: But that's not the way we do it. I'll tell you why. Because when I sentence for that one crime, I take into consideration not only—not merely that one crime. I take into consideration all the others you have pleaded guilty to. I take into consideration all of your past record, see. Does that explain it? You may not like it, you may not agree with it, but does that explain what my reasoning is?

DEFENDANT: I see your point of view on it.

THE COURT: That's all I can ask. No, I won't reduce the sentence. And as you said, the sentence in the aggregate you can't say is undeserved, right?

DEFENDANT: Right.

THE COURT: All right. That means it's fair.

DEFENDANT: To your point of view, sir."
Reconsideration Hearing at pp. 3–4.

The matter before us is controlled by this Court's recent decision in *Commonwealth v. Bryner*, 285 Pa.Super. 305, 427 A.2d 236, 237 (1981), where we held that the trial court's statements at the time of sentencing were conclusory and "f[e]ll short of complying with the dictates of *Commonwealth v. Riggins*, supra." In *Bryner*, the trial court's conclusory remarks were:

> " 'In making these sentences the Court feels that this is the minimum sentence and the minimum amount of time of confinement that is consistent with the protection of the public and the gravity of the offense and the rehabilitative needs of the defendant. We feel that a lesser sentence would depreciate the seriousness of the crime of the defendant.' " *Id.* (citation omitted.)

These remarks made at the time of sentencing were as deficient under *Commonwealth v. Riggins*, supra, as the trial court's statements in the instant case when he said "I think your record deserves [the sentence imposed]." See Reconsideration Hearing at pp. 3–4 and Sentencing Hearing at p. 11.

Additionally, in *Bryner*, the fact that testimony was presented at the hearing did not remedy the *Riggins* defect. We said the following:

> " 'Testimony . . . cannot constitute a statement of *reasons*; they rather constitute only the beginning of the process by which the court formulates its statement of reasons.' (Emphasis in original) *Commonwealth v. Wicks*, supra, 265 Pa.Super. at 313–14, 401 A.2d at 1227 . . . ." 285 Pa.Super. at 309, n. 2, 427 A.2d 238, n. 2.

In light of the above language, we cannot substitute the police officer's testimony on the "circumstances of the offense" for the trial court's failure to articulate its reasons for the sentence imposed. Therefore, we must remand the matter for resentencing.

In view of the disposition of this appeal, we cannot address appellant's claim that "the imposition of maximum

58

sentences of imprisonment, even though concurrent, in each of four offenses is excessive and is an abuse of discretion". Brief for Appellant at p. 9.[3] The judgments of sentence are vacated and remanded for resentencing. Any further appeal must be from the new sentences thus imposed.

**3.** The record shows that appellant requested "prompt sentencing" and "waved [sic] pre-sentence investigations". Sentencing Hearing at p. 6. At the guilty plea hearing, the trial court correctly noted that appellant "waive[d his] right to a presentence investigation" as his reason for dispensing with the investigation. Guilty Plea Hearing at p. 12 and Pa.R.Crim.P. 1403A(2)(a). See also *Commonwealth v. Bryner*, supra, 285 Pa.Super. at 309 n.2, 427 A.2d at 238 n.2. Additionally, we reiterate that: "It may well be that after compliance with the mandates of *Commonwealth v. Riggins*, supra, and the Sentencing Code, Act of December 30, 1974, P.L. 1052, No. 345, § 1, 18 Pa.C.S.A. §§ 1321, 1322 and 1325 (Supp.1979–80), the sentences were lenient. However, to make such a determination now on such a meager record would require us 'to guess at the lower court's reasons for the sentence, and we must not substitute our thought processes for what might have been the thought processes of the lower court.' (Footnote omitted) *Commonwealth v. Wicks*, supra, 265 Pa.Super. at 313–14, 401 A.2d at 1227. As a result, a remand is necessary." *Commonwealth v. Bryner*, 285 Pa.Super. at 309 n.3, 427 A.2d at 238 n.3.