434 A.2d 794

**COMMONWEALTH of Pennsylvania,**

**v.**

**Robert E. TAYLOR, Appellant.**

Superior Court of Pennsylvania.

Submitted April 15, 1981.

Filed Sept. 11, 1981.

---

Barbara H. Schickling, Clearfield, for appellant.

Thomas F. Morgan, District Attorney, Clearfield, for Commonwealth, appellee.

Before CAVANAUGH, JOHNSON and SHERTZ, JJ.

CAVANAUGH, Judge:

On June 12, 1980, following a plea of guilty, the appellant was sentenced to a term of incarceration of not less than two years nor more than four years at the Western Diagnostic and Classification Center at Pittsburgh, Pennsylvania on a charge of riot.

On appeal the appellant argues that the Sentencing Court failed to indicate a reasoned basis for imposition of this sentence.[1] Before addressing this question we initially note that the record does not include a sentencing colloquy of any kind nor does it include a presentence report and therefore

---

1. Appellant has also argued that his sentence was excessive because of the disparity in the sentence imposed upon his codefendant. Since we remand for resentencing we do not reach this issue.

our review is hampered.[2]  The only statement of reasons is the following sentence which appears on a sentencing form:

Said period of incarceration entered into [sic] view of the nature and seriousness of the present offense, his prior criminal history and his failure to adjust to probationary periods.[3]

The decisions of our court and the Supreme Court insist that the trial judge explain in detail the reasons for the sentence imposed in light of the Sentencing Code. *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977); *Commonwealth v. Wicks*, 265 Pa.Super. 305, 401 A.2d 1223 (1979); *Commonwealth v. Maxwell*, 280 Pa.Super. 235, 421 A.2d 699 (1980); *Commonwealth v. O'Brien*, 282 Pa.Super. 193, 422 A.2d 894, 895 (1980); *Commonwealth v. Levenson*, 282 Pa.Super. 406, 422 A.2d 1355 (1980).

We recognize that "no case has held that the Sentencing Code, 18 Pa.C.S.A. § 1301 et seq., states the exclusive and inflexible criteria in the sentencing process.  Indeed, our cases hold that a statement of reasons should not be held insufficient when it is apparent that the court considered and applied the Code even though it made no explicit reference to those guidelines." *Commonwealth v. Zimmerman*, 282 Pa.Super. 286, 299, 422 A.2d 1119, 1125 (1980). However, we do not believe that the judge's brief statement in the instant case adequately complies with the mandates of *Commonwealth v. Riggins, supra.*  We therefore remand for resentencing.

Judgment of sentence vacated and case is remanded for resentencing.

**2.** The lower court opinion does refer to such a report but it is not included in the record.  The opinion also refers to reports from the appellant's grandparents but these too are not included in the record.

**3.** Although the judge further discussed these reasons in his opinion filed sometime after the sentence, we have held that the reasons for sentence must be given on the record at the time sentence is imposed. *Commonwealth v. Cappiello*, 11 Pa.Super. 476, 426 A.2d 146 (1981); *Commonwealth v. Young*, 272 Pa.Super. 82, 414 A.2d 679 (1979).