450 A.2d 158

**COMMONWEALTH of Pennsylvania**

v.

**Thomas HIGH, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 22, 1982.

Filed Sept. 10, 1982.

Joseph F. Sklarosky, Assistant Public Defender, Wilkes-Barre, for appellant.

Chester B. Muroski, District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before CAVANAUGH, McEWEN and HOFFMAN, JJ.

PER CURIAM:

On March 10, 1981, appellant pleaded guilty to aggravated assault, 18 Pa.C.S.A. § 2702, for attacking a corrections officer. He was thereafter sentenced to six (6) to twenty-four (24) months imprisonment, the sentence to run consecutive to the sentence appellant was then serving. Following the denial of his petition to modify the sentence, on the ground that it was excessive, appellant took the instant appeal. The sole issue before us is whether the sentence imposed was excessive. However, because we cannot ascertain from the record the trial court's reasons for the sentence imposed, the judgment of sentence is vacated and the case remanded for resentencing.

176

■ It is settled law that the imposition of sentence is a matter left to the sound discretion of the sentencing court. *Commonwealth v. Cottle,* 493 Pa. 377, 382, 426 A.2d 598, 600 (1981); *Commonwealth v. Bryner,* 285 Pa.Super. 305, 307–308, 427 A.2d 236, 237 (1981). In exercising that discretion, the court must demonstrate its consideration of the statutory guidelines for sentencing or otherwise explain on the record its reasons for the sentence imposed. *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977); *Commonwealth v. Wicks,* 265 Pa.Super. 305, 313, 401 A.2d 1223, 1227 (1979).

■ At sentencing, the court discussed with appellant the contents of psychiatric evaluations of him done at Fairview State Hospital and then stated:

The Court: You're sentenced to six to twenty-four months at the State Correctional Institution. This sentence to run consecutive to any sentence or sentences which the Defendant is serving. And he has a right to appeal this sentence.

If he wishes to file an appeal he would have thirty days from today to do so. If during this thirty day period he wishes to file an appeal of this sentence and he does not have a Lawyer and cannot afford a Lawyer, he should notify this Court and a Lawyer will be provided for him free of charge.

We have imposed both of these sentences in view of the fact of the Defendants—both Defendants prior records. We have taken into consideration those records and their attitudes as they appeared in Court.

Defendants will be remanded to the State Correctional Institution. Minimum term of six months, maximum term of twenty-four months, to run consecutive.

That was the complete statement of reasons for imposing sentence. The court utterly failed to consider, *inter alia,* sentencing alternatives other than total confinement, *Commonwealth v. Butch,* 487 Pa. 30, 407 A.2d 1302 (1979), factors individual to appellant, *Commonwealth v. Martin,* 466 Pa. 118, 351 A.2d 650 (1976) or the guidelines set forth in The

Sentencing Code, 42 Pa.C.S.A. § 9701 *et seq.* *Commonwealth v. Walton,* 289 Pa.Super. 411, 433 A.2d 517 (1981); *Commonwealth v. Doyle,* 275 Pa.Super. 373, 418 A.2d 1336 (1979). Moreover, merely discussing the contents of psychiatric evaluations done on appellant cannot constitute a statement of reasons; rather that is only the beginning of the process by which the court formulates the appropriate sentence. *Commonwealth v. Wicks,* 265 Pa.Super. at 313, 401 A.2d at 1227 (pre-sentence reports). Finally, we note that the lower court never filed an opinion pursuant to Pa.R.A.P. 1925(a).

In light of the paucity of facts supporting appellant's sentence, we cannot address appellant's claim that the sentence imposed was excessive. *Commonwealth v. Cruz,* 291 Pa.Super. 486, 490 n.3, 436 A.2d 220, 222 n.3, (1981); *Commonwealth v. Bryner,* 285 Pa.Super. at 309, 427 A.2d at 238; *Commonwealth v. Wicks,* 265 Pa.Super. at 314 n.8, 401 A.2d at 1227 n.8. We, therefore, must remand for resentencing in accordance with the requirements of *Riggins, supra,* and the Sentencing Code. *See, e.g., Commonwealth v. Taylor,* 290 Pa.Super. 362, 434 A.2d 794 (1981); *Commonwealth v. Walters,* 287 Pa.Super. 53, 429 A.2d 716 (1981). Any further appeal must be from the new sentence imposed.

Judgment of sentence vacated and case remanded for resentencing.