467 A.2d 871

**COMMONWEALTH of Pennsylvania**

v.

**Harry MULLEN, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 11, 1983.

Filed Nov. 4, 1983.

Ronald A. Turo, Assistant Public Defender, Carlisle, for appellant.

Theodore B. Smith, Assistant District Attorney, Carlisle, for Commonwealth, appellee.

Before CERCONE, President Judge, and CAVANAUGH, WIEAND, CIRILLO, POPOVICH, MONTGOMERY and HOFFMAN, JJ.

CERCONE, President Judge:

On May 11, 1981, appellant, Harry Mullen, entered a plea of guilty to the charge of incest.[1] A pre-sentence report was prepared and submitted to the lower court. At a sentencing hearing on July 16, 1981, appellant's attorney summarized the contents of the pre-sentence report on the record. Immediately afterwards, the sentencing court entered the following order.

AND NOW, June 16, 1981, at 9:56 a.m., the defendant, Harry Mullen, having previously appeared before the Court and tendered a plea of guilty, and now appearing for sentence with the Public Defender, Taylor P. Andrews, Esquire, the Court being in receipt of a pre-sentence investigation report,

Sentence of the Court is that the defendant pay the costs of prosecution, undergo imprisonment in a State Institution for not less than one nor more than three years. The defendant to be given credit for fifty-nine days previously spent in the Cumberland County Prison.

The reason for the above sentence is that the Court believes that any lesser sentence would depreciate the seriousness of the offense.

The Court having been informed that there is a possibility that the defendant does wish to file the motions within the ten-day period, pending the filing of said motions, he is continued on existing bail.

---

**1.** 18 Pa.C.S.A. § 4302. In exchange for appellant's plea, the charge of rape was *nolle prossed.*

Less than a month later, after appellant had filed a Motion for Reconsideration of Sentence, the sentencing court entered this order.

AND NOW, July 9, 1981, the court having considered the Motion for Reconsideration of Sentence, adds the following to the Order of Court dated June 16, 1981:

Prior to the imposition of sentence, the court did consider the alternatives and guidelines under the sentencing code and the facts of the incident as set forth at the time of entry of the guilty plea.

The main facts considered were as follows:

1) The defendant was thirty-six (36) years old and the niece was sixteen (16) years old at the time of the incident.

2) The incident took place on March 15, 1981, about seventeen (17) days after he was released from State Parole on a previous State sentence of one to three years which involved an Unlawful Delivery of Schedule II, Controlled Substance.

The Motion therefore to reconsider is refused.

Now, on appeal, appellant argues that his original sentence should be vacated and the case remanded because the trial court did not state at the time of sentencing sufficient reasons on the record for the sentence it imposed, and further, the reconsideration of sentence procedure, because it involved only the lower court's entry of an order without the benefit of a supplemental proceeding on the record in the presence of appellant, could not correct the initial inadequate sentencing.[2]

■ The question for our disposition is whether an order containing reasons supplementing the sentencing transcript, entered pursuant to an appellant's Motion for Modification

**2.** This appeal was certified by a panel of our court as involving a question of such importance as to merit consideration by the Court En Banc.

of Sentence, Pa.R.Crim.P. 1410,[3] will serve to satisfy the requirements of *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977) and Pa.R.Crim.P. 1405(b) [4] when defendant was not present at said reconsideration proceedings. We find that, because of the importance of having the defendant present when the judgment of sentence is pronounced against him, that the vacation of the judgment of sentence is warranted and that it should be remanded for resentencing.

▮ No case specifically holds that the reasons be recorded during a sentencing hearing, and that they be made within the presence of the defendant. However, a review of *Riggins* and its progeny indicates such a requirement. In *Riggins,* our Supreme Court listed eight benefits to its requirement that the sentencing court place its reasons for the sentencing it imposes on the record at the time of sentencing. Among these were that

[i]t will minimize the risk of reliance upon inaccurate information contained in the presentence report. . . .
and
[it] may aid correction authorities if the sentence results in a commitment, and may have therapeutic value if the judge explains his or her reasons to the defendant.
*Riggins, supra,* 474 Pa. at 129–130, 377 A.2d at 147–148.

Thus, part of the significance of the requirement which the Court set forth in *Riggins* was that the defendant would be present at the time the reasons were enumerated. Our court addressed a similar question in *Commonwealth v. Young,* 272 Pa.Superior Ct. 82, 414 A.2d 679 (1979).[5]

**3.** A motion to modify sentence shall be in writing and shall be filed with the sentencing court within ten (10) days after imposition of sentence.

**4.** At the time of sentencing, the judge shall ... state on the record the reasons for the sentence imposed.

**5.** *See also Commonwealth v. Giles,* 303 Pa.Superior Ct. 187, 449 A.2d 641 (1982), *Commonwealth v. Aldinger,* 292 Pa.Superior Ct. 149, 436 A.2d 1196 (1981), *Commonwealth v. Taylor,* 290 Pa.Superior Ct. 362,

There, although several reasons for the sentence appeared in the court's opinion filed some time after the sentence, we held that the reasons must be given on the record at the time sentence is imposed, in order to comport with *Commonwealth v. Riggins, supra,* and Pa.R.Crim.P. 1405(b). There we said:

> One compelling reason for *Riggins'* requirement is that without a statement of reasons at the time of sentencing, the defendant lacks an opportunity at that time to bring to the court's attention any erroneous facts or conclusions upon which it may have relied and is unable thereafter to file a petition for resentencing challenging the court's reasons for imposing sentence. *Young, supra,* 272 Pa. Superior Ct. at 84, 414 A.2d at 681.

Additionally, in our Concurring Opinion to *Young,* we noted four major policy reasons of American Bar Association Standards, Appellate Review of Sentences, for the holding in *Riggins.*

> First, the requirement will force the trial judge to focus on the exact issues involved and improve the rationality of the sentence imposed. Second, a statement of the reasons will be of value to the correctional institution to which defendant is committed. The statement can help the administration place a particular person in the proper program as far as possibilities for rehabilitation are concerned. Third, the statement of reasons may be therapeutic to the defendant. Although such a statement should not be bitter or berating, the defendant should be advised of why a judge has decided upon a certain course of conduct in his sentencing procedure. Fourth, a statement of reasons on the record is essential for our appellate review of the case. *Id.* § 2.3, Comment e, pp. 44–47 (1967), in *Young, supra,* 272 Pa.Superior Ct. at 86, 414 A.2d at 681–2.

■ Thus, confining our review of the lower court's reasons for imposing sentence to those on the record at the

434 A.2d 794 (1981), and *Commonwealth v. Cappiello,* 284 Pa.Superior Ct. 476, 426 A.2d 146 (1981).

Sentencing Hearing, we are left with the Court's statement that "any lesser sentence would depreciate the seriousness of the offense." While this is one of several considerations for the imposition of total confinement (42 Pa.C.S.A. § 9725),[6] this court has previously held that upon imposing a sentencing of total confinement, rather than partial confinement, a sentencing judge may not merely state that a lesser sentence would depreciate the seriousness of the crime. Rather, the judge must state, with reference to the record, why he believed that would be so, for only then will the appellate court be able to ascertain whether the sentence imposed was based upon accurate, sufficient and proper information.[7] *Commonwealth v. Farrar*, 271 Pa. Superior Ct. 434, 413 A.2d 1094 (1979).

Therefore, because the reason given for the lower court's imposition of sentence does not comport with *Commonwealth v. Riggins*, we are constrained to vacate the judgment of sentence and remand for resentencing.

Judgment of sentence vacated and case remanded for resentencing. Jurisdiction relinquished.

WIEAND, J., files a dissenting opinion.

CIRILLO, J., files a dissenting opinion in which WIEAND, J., joined.

WIEAND, Judge, dissenting:

I agree with the majority that perfect compliance with the mandates of *Commonwealth v. Riggins*, 474 Pa. 115, 377

**6.** The court shall impose a sentence of total confinement if, having regard to the nature and circumstances of the crime and the history, character and condition of the defendant, it is of the opinion that the total confinement of the defendant is necessary because:
    (1) there is undue risk that during a period of probation or partial confinement that defendant will commit another crime;
    (2) the defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution; or
    (3) a lesser sentence will depreciate the seriousness of the crime of the defendant.

**7.** Thus, we are not able to address appellant's contention that the sentencing judge abused its discretion in imposing a sentence that was excessive.

A.2d 140 (1977) and Pa.R.Crim.P. 1405(b) can be achieved if the sentencing court will place a full statement of the reasons for its sentence on the record at the time when sentence is pronounced. However, sentencing proceedings are not concluded irrevocably when sentence is initially imposed; they continue even through appellate review. *Commonwealth v. Anderson*, 304 Pa.Super. 476, 482, 450 A.2d 1011, 1014 (1982). Thus, Pa.R.Crim.P. 1410 provides for a written motion to modify sentence and is intended to provide the sentencing court with an opportunity to correct mistakes in its orders prior to review by an appellate court. The means by which errors can be corrected by the sentencing court have not been rigidly limited or narrowly defined by substantive or procedural rule of law.

In the instant case, the sentencing judge, who had accepted a negotiated plea of guilty to incest, while a charge of rape was nolle prossed, said that a sentence of imprisonment was necessary because "any lesser sentence would depreciate the seriousness of the offense." The defendant filed a motion to modify the sentence in which he alleged that the court's sentence was excessive and its reasons therefor inadequate. The trial court dismissed the post-sentencing motion, explaining that it had also considered, in determining the sentence, those alternatives and guidelines set forth in the sentencing code, including the age of the defendant and the youth of his niece-victim and also the fact that the offense had occurred "about seventeen (17) days after [defendant] was released from State Parole on a previous State sentence...." These facts have not been disputed by the defendant.

The majority holds that the additional reasons cited in the court's order may not be considered during appellate review because they were not recited in appellant's presence. Therefore, the majority remands so that the court may repeat its recorded reasons in appellant's presence. After the sentencing court has done so, the majority implies, a second appeal may be filed in which this Court will then review the sentence imposed. In my opinion, the additional

procedural step imposed by the majority is unnecessary in this case and attaches to Pa.R.Crim.P. 1405(b) a rigidity which exalts form over substance.

It may be, as the majority suggests, that there will be occasions when the facts relied upon by the sentencing court will be erroneous and when an appellant must be given an opportunity to correct or refute them. This is not such a case. Appellant's concern in this case is not with the accuracy of the sentencing court's reasons. His concern, rather, is that the court imposed a sentence of imprisonment, and he seeks to have that sentence reviewed and, hopefully, reversed. The sentencing court's reasons for the sentence are now on the record; their accuracy is not in dispute. They are not only sufficient to achieve the goals enumerated by *Riggins* and by the American Bar Association Standards, but, most importantly, they are sufficient to permit appellate review of the sentence imposed. Therefore, I would conduct the sentencing review which appellant has asked us to make. Because I believe the majority's remand serves only to delay unnecessarily an appellate review of the sentence, I must respectfully dissent.

The sentence imposed, in my judgment, was fully warranted by the facts and serious nature of the crime committed by appellant and also by his prior criminal record. Because I am unable to find any abuse of the trial court's discretion, I would affirm the judgment of sentence.

CIRILLO, Judge, dissenting:

The majority concludes that because the appellant was not present when the court gave additional reasons for the sentence imposed, the sentence must be vacated and the case remanded for resentencing. I respectfully dissent from the majority opinion. I would hold that the appellant does not have to be present when the court supplements its reasons for the sentence in response to the appellant's Motion for Modification, Pa.R.Crim.P. 1410.

When the sentencing and post-sentencing reasons of the trial court are viewed together they are sufficient to meet

the sentencing requirements of *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977). The majority considers only the reasons given by the trial court at the sentencing and concludes that the reasons are insufficient. However, it is well within the discretion of this Court to consider the reasons for the sentence given by the trial judge in his denial of the defendant's motion for modification of the sentence. Rule 1410 is designed to allow a sentencing court to correct or modify itself before the case is sent up to an appellate court.

The majority correctly states that "... no case specifically holds that the reasons ... be made within the presence of the defendant." (At 23). The rationale in *Riggins* for giving the reasons for the sentence is persuasive. However, *Riggins* does not set up a rigid requirement that the defendant must be present when reasons are given regardless of whether there may be a more effective and efficient way to serve justice and the interests of the defendant. At sentencing it is in the best interest of justice and efficiency to have the defendant present. The same goals are not served by having the defendant present at a post-sentence supplementation of the reasons.

At first glance it would seem that one could make the same arguments for requiring the defendant to be present during the reconsideration procedure as could be made for requiring the defendant to be present during the sentencing. However, at sentencing the defendant must be present so that he can exercise his right to allocution and so that the court may advise the defendant of his various post-sentence rights. Since the defendant must be present for other related sentencing reasons, it is sensible to require the court to give the reasons for the sentence in order to promote both the efficient and direct resolution of the case in a just manner. No such additional reasons exist for requiring the defendant to be present during a post sentence supplementation of the reasons. Requiring the defendant to be present when the court supplements its reasons would produce additional expense in transporting

the defendant to the courthouse and in holding another hearing. It would also consume valuable court time and would generally hinder the court's resolution of the case.

It would be more sensible to have the additional reasons for the sentence filed and a written copy given to the defendant and his attorney. The defendant would have the opportunity to examine the judge's reasons outside of the courtroom setting and would certainly not be precluded from correcting any mistaken information used in determining the sentence. Moreover, having a written copy of the reasons for sentence given to the defendant would also serve the same therapeutic effect as having the reasons read to the defendant.

In the present case there is no reason why the appellant should have been present nor why the sentence should be vacated and remanded for resentencing. The appellant's challenge to the sentence is based solely on the legality of the sentence. The appellant argues that: 1) the sentence was illegal; 2) the sentence was excessive; and, 3) there were insufficient reasons given for the sentence, all of which are issues appropriate for review by this Court. *See Commonwealth v. Vogel,* 440 Pa. 1, 268 A.2d 89 (1970); *Commonwealth v. Weldon,* 287 Pa.Super. 533, 430 A.2d 1180 (1981); *Commonwealth v. Zimmerman,* 282 Pa.Super. 286, 422 A.2d 1119 (1980). The appellant does not challenge the facts upon which the sentence was based. Considering that the judge was provided with all of the pertinent facts before he sentenced the appellant, and that he placed sufficient reasons for the sentence throughout the record, a remand for resentencing would be a useless gesture. As Judge Hester has succinctly stated:

> ... a remand is not necessary whenever it is apparent from the record that such would be "a mere procedural exercise." [*Commonwealth v.*] *Grant* [235 Pa.Super. 357, 341 A.2d 511 (1975)], supra, i.e., no change in the sentence would result. See also, *Commonwealth v. Senyszyn,* [266] Pa.Super. [480], 405 A.2d 535 (1979); *Com-*

*monwealth v. Guenzer,* 255 Pa.Super. 587 fn. 2, 389 A.2d 133 fn. 2 (1978).

*Commonwealth v. Thomas,* 278 Pa.Super. 39, 50, 419 A.2d 1344, 1350 (1980).

Therefore, since the legislature and the Supreme Court of Pennsylvania do not specifically require the defendant to be present when the trial court, subsequent to sentencing, supplements its reasons for the sentence imposed, I would not burden the court with this added procedure which hinders the prompt rendering of justice.

WIEAND, J., joins in this dissenting opinion.