469 A.2d 206

**COMMONWEALTH of Pennsylvania**

v.

**John W. McDONALD, Appellant.**

Superior Court of Pennsylvania.

Argued April 26, 1983.

Filed Nov. 18, 1983.

---

Claude V. Falkenhan, Jr., Zelienople, for appellant.

Robert Hawk, Assistant District Attorney, Butler, for Commonwealth, appellee.

Before ROWLEY, POPOVICH and HOFFMAN, JJ.

POPOVICH, Judge:

Appellant, John McDonald, was convicted by a jury of rape[1], involuntary deviate sexual intercourse[2], burglary[3], and simple assault[4]. Post-verdict motions were denied, and appellant was sentenced to concurrent terms of imprisonment of not less than three nor more than six years on all charges, with the exception of the simple assault conviction for which appellant received a concurrent term of imprisonment of not more than one nor more than two years. This appeal followed. We reverse and remand for proceedings consistent with this opinion.

Appellant contends *inter alia* that the trial court erred at sentencing when it failed to articulate properly the reasons for its sentence. We agree.

The standard which this Court has applied in sentencing cases has been summarized in the following manner:

"It is settled that the imposition of a proper sentence is a matter vested in the sound discretion of the sentencing judge. *Commonwealth v. Valentin,* 259 Pa.Super. 496, 393 A.2d 935 (1978). In exercising this discretion, however, the judge must rely on full and accurate information and must state on the record the reasons for the sentences imposed. *Commonwealth v. Riggins,* [474 Pa. 115, 377 A.2d 140 (1977)]; *Commonwealth v. Wicks,* 265 Pa.Super. 305, 401 A.2d 1223 (1979). This statement of reasons must show that in imposing sentence, the judge attached weight to the factors set forth in the statutory guidelines for sentencing, and carefully considered the facts concerning the circumstances of the offense and the character of the defendant. *Commonwealth v. Wicks, supra.* If the sentencing judge fails to state the reasons for the sentences on the record, we will vacate the sen-

1. 18 Pa.C.S.A. § 3121.

2. 18 Pa.C.S.A. § 3123.

3. 18 Pa.C.S.A. § 3502.

4. 18 Pa.C.S.A. § 2701.

tences and remand for resentencing. *See Commonwealth v. Young,* [272 Pa.Super. 82, 414 A.2d 679 (1979) ]; *Commonwealth v. Wicks, supra. Commonwealth v. Maxwell,* 280 Pa.Super. 235, 242, 421 A.2d 699, 703 (1980)."

*Commonwealth v. Bryner,* 285 Pa.Super. 305, 307–308, 427 A.2d 236, 237 (1981). *Accord Commonwealth v. Walters,* 287 Pa.Super. 53, 55–56, 429 A.2d 716, 717 (1981).

Against this framework, we must examine the following transcript which contains the complete record of the sentencing proceeding:

"[The Prosecutor] MR. HEPTING: John W. McDonald, number fifteen on the list, Your Honor. John W. McDonald, case number 696 of 1981. Following trial by jury, the defendant was found guilty of burglary, rape, involuntary deviate sexual intercourse and simple assault.

THE COURT: Mr. Doerr?

[Defense Counsel] ATTORNEY WAYNE DOERR: Your Honor, the defendant would like the Court to consider that, first of all, Mr. McDonald [appellant] has no prior record, that he is a responsible young man. He's been employed all of his adult life. While in prison he completed, successfully completed his G.E.D. program and has participated in counseling and at the present has been a model prisoner and has helped clean up down there, and we can ask the Court to consider, also, that he's spent seven months and twenty days down there so far already, and we would ask that this also be considered.

THE COURT: Mr. McDonald, I have considered your past arrest history. I have considered your good behavior at the Butler County Prison. These are points in your favor, but I have also considered the seriousness of these offenses, and the fact that you were found guilty by a jury after full trial. I have also considered the need of the protection of the public from this type of offenses and in addition I have considered the circumstances involved such as the use of violent force in this case and the trauma or effect it has on the victim. In determining

your rehabilitative needs I have considered the alternatives in sentencing such as probation, total or partial confinement, a fine, or just plain guilt without any further court action. The Court finds that any lesser sentence than that could be imposed would depreciate the seriousness of the crimes involved and that you are definitely in need of correctional treatment that can best be provided in a state institution. Now, take this sentence: On the offense of burglary, the sentence of the Court is that you pay the costs of prosecution, be imprisoned for a term of not less than three years nor more than six years, and on the charge of rape, I sentence you to imprisonment for a term of not less than three years nor more than six years. On the charge of involuntary deviate sexual intercourse, I sentence you to be imprisoned for a term of not less than three years nor more than six years, and on the simple assault charge, I sentence you to be imprisoned for a term of not less than one year nor more than two years. The imprisonment on all charges is to be concurrent, and you are to be given credit for seven months, seventeen days already served. You are committed to the custody of the Bureau of Correction for confinement in such state penal or correctional institution or facility as the Bureau of Corrections shall determine and shall be delivered to the western correctional diagnostic and classification center located at the state correctional institution at Pittsburgh. Now, you have the right to file motions challenging the propriety of this sentence. You also have the right to file a motion to modify this sentence which shall be in writing and filed with the sentencing court. Such motions must be filed within ten years. You are entitled to be represented by counsel in preparing and litigating such motions."

Sentencing Transcript at 2–4.

　　■　In the instant case, the sentencing proceeding was defective because the trial court's statement of reasons concerning the character of the accused and the circumstances of the offense "fall short of complying with the

dictates of *Commonwealth v. Riggins, supra."* *Commonwealth v. Bryner,* 285 Pa.Super. at 309, 427 A.2d at 237.

The evidence indicative of the character of the accused, was referred to by defense counsel when he stated that appellant had no prior record, had been employed, and successfully completed his G.E.D. program. To this remark, the trial court said that he considered appellant's "past arrest history" and his "good behavior at the Butler County Prison." Sentencing Transcript at 2–3. These references made by the trial court were not sufficiently detailed. *See Commonwealth v. Taylor,* 290 Pa.Super. 362, 363, 434 A.2d 794, 795 (1981) ("the decisions of our court and the Supreme Court insist that the trial judge explain *in detail* the reasons for the sentence imposed ....") (Emphasis added). Furthermore, arguments of counsel are not a substitute for dispensing with a statement of reasons to be made by the trial court. *See Commonwealth v. Bryner, supra.*

In his brief, appellant contends that:

> "the pre-sentencing investigation contains information the trial [j]udge never should have considered, such as an unsupported and detailed allegation by an unidentified and unqualified 'expert' that [d]efendant 'failed' a polygraph examination concerning unstated, but assertedly 'relevant', questions.... In the same vein, the pre-sentence investigation contained allegation(s) by unidentified hearsay informants that [d]efendant had earlier been charged with certain other offenses."

Brief for Appellant at 22.

We are unable to examine the merits of appellant's claims because the trial court failed to state on the record what information it was relying upon when it imposed appellant's sentence. In fact, no mention is made of a presentence investigation. As a result, we are unable to state whether the trial court "rel[ied] on full and accurate information."

*Commonwealth v. Bryner*, 285 Pa.Super. at 308, 427 A.2d at 237.[5]

Although the trial court did state *in its opinion* that "the court found the [appellant's] criminal record to be basically favorable, and did not consider the polygraph tests at all," trial court's opinion at 12, this statement cannot cure an otherwise deficient record. *See Commonwealth v. Mullen*, 321 Pa.Super. 19, 24, 467 A.2d 871, 874 (1983); *Commonwealth v. Taylor*, 290 Pa.Super. at 364 ftn. 3, 434 A.2d at 795 ftn. 3.

The reason why we have insisted upon requiring the trial court to articulate its reasons *at the time of sentence* is because

"without a statement of reasons at the time of sentencing, the defendant lacks an opportunity at that time to bring to the court's attention any erroneous facts or conclusions upon which it may have relied and is unable thereafter to file a petition for resentencing challenging, the court's reasons for imposing sentence. *Young, supra*, at [272 Pa.Super.] 84, 414 A.2d at 681.

Additionally, in our Concurring Opinion to *Young*, we noted four major policy reasons of American Bar Association Standards, Appellate Review of Sentences, for the holding in *Riggins*.

First, the requirement will force the trial judge to focus on the exact issues involved and improve the rationality of the sentence imposed. Second, a statement of the reasons will be of value to the correctional institution to which defendant is committed. The statement can help the administration place a particular person in the proper program as far as possibilities for rehabilitation are concerned. Third, the statement of reasons may be, therapeutic to the defendant. Al-

**5.** Additionally, we note that the trial court failed to articulate its reason for dispensing with a pre-sentence report. *Id.*, 285 Pa.Superior Ct. at 309 ftn. 2, 427 A.2d at 238 ftn. 2. Although one might have been used by the trial court, we are unable to make such a conclusion because the record of this Court does not contain such a report and the trial court never referred to the presence or absence of this report. Hence, on remand, this error should be corrected. *Id.*

though such a statement should not be bitter or berating, the defendant should be advised of why a judge has decided upon a certain course of conduct in his sentencing procedure. Fourth, a statement of reasons on the record is essential for our appellate review of the case. *Id.* § 2.3, Comment e, pp. 44–47 (1967), in *Young, supra,* 272 Pa.Superior Ct. at 86, 414 A.2d at 681–2."

*Commonwealth v. Mullen,* 321 Pa.Super. at 24, 467 A.2d at 874.

At the same time, however, that the trial court stated *in its opinion* that it "did not consider the polygraph tests at all", the trial court went on to say that "information used by the trial court in sentencing need not necessarily meet the standards of admissible evidence at trial. *Commonwealth v. Shoemaker,* 226 Pa.Superior Ct. 203, 313 A.2d 342 (1973); *Com. ex rel. Hendrickson v. Myers,* 393 Pa. 224, 144 A.2d 367 (1958)." Trial Court's Opinion at 12. Although we recently have reaffirmed this principle, we also have said that "a sentencing judge may neither request nor consider the results of a polygraph examination in imposing sentence." *Commonwealth v. Puchalski,* 310 Pa.Super. 199, 210, 456 A.2d 569, 575 (1983).

In the instant case, the trial court did state that he had "considered [appellant's] rehabilitative needs ... the need of protection of the public ... the alternatives in sentencing such as probation, total or partial confinement, a fine, or just plain guilt without any further court action." Sentencing Transcript at 3. However, these boilerplate reasons also are insufficient to rescue this deficient record. In a similar case, we commented:

"the boilerplate reasons listed by the trial court ... fall far short of 'reasoned basis' discussed by the *Riggins* court. Although the trial court at sentencing alluded to all the important considerations that are involved in sentencing a defendant, it gave no consideration of how these considerations applied to appellant. In short, this record does not supply this Court with sufficient information for a meaningful review of the sentence imposed.

*See Commonwealth v. Fisher,* 261 Pa.Super. 82, 395 A.2d 953 (1978); *Commonwealth v. Fornataro,* 257 Pa.Super. 399, 390 A.2d 1297 (1978)."

*Commonwealth v. Mahan,* 271 Pa.Super. 396, 398, 413 A.2d 725, 726 (1979).

■ Appellant next contends that the crime of simple assault and rape merge for purposes at the time of sentencing. We also must reject this argument. *See Commonwealth v. Jones,* 274 Pa.Super. 162, 418 A.2d 346 (1980), *cert. denied Jones v. Pennsylvania,* 449 U.S. 876, 101 S.Ct. 221, 66 L.Ed.2d 98 (1980).

Appellant has raised a number of other issues in this direct appeal. He contends that (1) the trial court erred when it denied appellant access to hospital records of the prosecutrix's commitment for mental and/or drug rehabilitation; (2) the trial court erred in denying appellant motion for a new trial and in arrest of judgment; and (3) the appellant was denied the effective assistance of counsel.

To begin with, the trial court only considered those issues that appellant had raised in post-verdict motions because it stated the following:

"The defendant retained different counsel, who filed 'post-sentencing motions', seeking a reduction in sentence. The court treated the motion as one to modify sentence, and denied it without a hearing pursuant to Pa.R.Crim.P. Rule 1410 and its official commentary. *Commonwealth v. Ziomek,* 291 Pa.Superior Ct. 251, 435 A.2d 894 (1981). The defendant, through his new counsel, appealed 'from the sentence ... and from the underlying conviction.' The defendant was ordered to forthwith file a concise statement of the matters complained of on the appeal pursuant to Pa.R.A.P., Rule 1925(b).[6] The order has not been complied with, and the court can only address those issues which it can effectively review, *i.e.,*

---

6. Rule 1925(b) of our Appellate Rules provides:

    **(b) Direction to file statement of matters complained of.** If the lower court is uncertain as to the basis for the appeal, the lower court may by order direct the appellant forthwith to file of record in the lower court and serve on the trial judge a concise statement of

those raised in the original counsel's motions for a new trial and in arrest of judgment and in the new counsel's post-sentencing motions, all other issues being deemed waived. *Commonwealth v. Crowley*, 259 Pa.Superior Ct. 204, 393 A.2d 789 (1978)."

Trial Court's Opinion at 1–2. (Footnote added).

Because appellant's claim that the trial court erred when it denied appellant access to records of the prosecutrix's commitment for mental and/or drug rehabilitation was addressed adequately by the trial court's opinion, there is no need to comment further.

■ With respect to appellant's claim that a motion for a new trial should not have been denied, appellant states that a new trial could have been granted considering the grounds stated in his motion and other grounds and in view of the prosecutor's prejudicial remarks. The trial court properly disposed of the grounds appellant raised in his motion for a new trial, with the exception of the sentencing issue which we have previously discussed. However, because the conduct of the prosecutor was not raised at the post-verdict motion stage, that claim is waived. *See Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975).

■ Appellant additionally raises a number of ineffectiveness issues which occurred at the pre-trial, trial, and sentencing stages. In view of our disposition, we need not address the ineffectiveness issues which appellant states occurred at the sentencing stage. However, we note that the other ineffectiveness issues are not addressed either in the prosecution's brief or in the trial court's opinion. However, because appellant is represented by new counsel on appeal and because this direct appeal is "the earliest stage

the matters complained of on the appeal. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of. Our Supreme Court has applied this rule and said that the "[t]he waiver provision of Rule 1925(b) is clearly discretionary. .... The waiver provision of the Rule is properly invoked only where failure to file a statement or omission from a statement of issues raised on appeal defeats effective appellate review." *Commonwealth v. Silver*, 499 Pa. 228, 238, 452 A.2d 1328, 1333 (1982).

in the proceedings at which the counsel whose ineffectiveness is being challenged no longer represents the defendant," *Commonwealth v. Hubbard,* 472 Pa. 259, 276 n. 6, 372 A.2d 687, 695 n. 6 (1977), the trial court on remand should allow appellant an opportunity to address these issues in the interest of judicial economy.[7] Otherwise, judicial delay would result since appellant could file a PCHA petition contending that appellate counsel was ineffective for failing to preserve certain issues pursuant to Rule 1925(b). We reiterate that the record at this stage is insufficient to resolve the issues appellant raises since the prosecution has not addressed the issues in its brief and also because the manner in which they were framed in appellant's brief were not sufficient to apprise this Court of the facts involved.

Accordingly, the judgment of sentence is vacated and the matter is remanded for proceedings consistent with this opinion. Jurisdiction is not retained.

If counsel is found to be ineffective, then a new trial should be granted.

If counsel is not found to be ineffective, appellant should be re-sentenced.

ROWLEY, J., files a concurring and dissenting opinion.

ROWLEY, Judge, concurring and dissenting:

I agree with the majority that the record is inadequate to determine the merits of appellant's claims of ineffective assistance of trial counsel. Therefore, the case should be remanded to the trial court for an evidentiary hearing on that issue.

I also agree with the majority's disposition of the other issues raised in this appeal, with the exception of the sentencing question.

---

**7.** Appellant was represented by his trial counsel at the time the court ruled on his motion for a new trial. Appellant's new counsel only represented him on his motion to modify sentence which the court denied without a hearing. As a result, this is the first stage at which appellant could have challenged the underlying conviction upon which his sentence was based.

I do not agree that the court failed to comply with *Riggins* at sentencing. The court need not specifically refer to the sentencing code so long as it is clear that the court did consider and apply those guidelines. *Commonwealth v. Darush*, 279 Pa.Super. 140, 420 A.2d 1071 (1980). In this case, it is clear to me that the court considered the sentencing guidelines. Furthermore, the court's statement of reasons for the sentence imposed is more than adequate. *See Commonwealth v. Bachert*, 499 Pa. 398, 453 A.2d 931 (1982).

The court was informed by appellant's counsel that appellant had no prior record, had been continuously employed and was a model prisoner. In imposing sentence, the court stated that it had considered appellant's past arrest history, his good behavior in prison and his rehabilitative needs. However, it had also considered the seriousness of the offenses, the need of the public for protection, and the use of violence against the victim. The court concluded that any lesser sentence would deprecate the seriousness of the offenses and that appellant was definitely in need of correctional treatment that could best be provided in a state institution. I do not agree that this statement of reasons "fall(s) short of complying" with *Riggins*.