J-A32030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JACOB ALLEN MORRONI, | : | |
| | : | |
| Appellant | : | No. 239 MDA 2017 |

Appeal from the Judgment of Sentence August 30, 2016
In the Court of Common Pleas of Centre County
Criminal Division at No.: CP-14-CR-0001599-2015

BEFORE: OTT, J., DUBOW, J., and STRASSBURGER, J.*

MEMORANDUM BY DUBOW, J.:                    **FILED MARCH 23, 2018**

Appellant, Jacob Allen Morroni, appeals from the Judgment of

Sentence entered by the Centre County Court of Common Pleas following his

convictions after a jury trial of Possession of a Controlled Substance With

Intent to Deliver ("PWID")[1] and related offenses.  We affirm on the basis of

the trial court's January 5, 2017 Opinion.

In September 2014, Appellant arranged to sell bath salts to his friend

William Blankenship, who was working closely with Pennsylvania State Police

Trooper Kevin Reese as an informant.  At the time, Appellant had an active

felony warrant.  Shortly after Appellant appeared at Blankenship's home in

Centre County to make the sale, Trooper Reese and Trooper Steven

Peterson apprehended him.  From a search of Appellant's person, police

_____

[1] 35 P.S. § 780-113(a)(30).

_____

* Retired Senior Judge assigned to the Superior Court.

recovered twelve glassine bags of synthetic marijuana, eight glassine bags of bath salts, drug paraphernalia, brass knuckles, $277, and a cell phone. A subsequent search of Appellant's cell phone showed several incriminating messages that referred to similar prior drug transactions with others.

Police also arrested Joseph Winter, who had driven Appellant to Blankenship's home and accompanied Appellant inside, and charged him with possessing bath salts and drug paraphernalia. Winter later admitted to police that he had agreed to drive Appellant to Blankenship's home for the drug sale in exchange for one bag of bath salts.

The Commonwealth charged Appellant with PWID, Criminal Use of a Communication Facility, two counts of Possession of a Controlled Substance, Possession of Drug Paraphernalia, and Prohibited Offensive Weapons.[2]

Appellant proceeded to a one-day jury trial, at which the Commonwealth presented testimony from, *inter alia*, Blankenship, Winter, Trooper Reese, and Trooper Peterson. Appellant did not testify and presented no evidence. He conceded his guilt regarding Possession of Drug Paraphernalia, Prohibited Offensive Weapons, and the two counts of Possession of a Controlled Substance, arguing that he had the drugs and paraphernalia for his personal use only. N.T. Trial, 4/4/17, at 246-47, 252. The jury convicted Appellant of all charges.

---

[2] 35 P.S. § 780-113(a)(30); 18 Pa.C.S. § 7512; 35 P.S. § 780-113(a)(16); 35 P.S. § 780-113(a)(32); and 18 Pa.C.S. § 908, respectively.

On August 30, 2016, the trial court sentenced Appellant to an aggregate term of 27 to 54 months' incarceration. Appellant filed a timely Post-Sentence Motion, which the trial court denied on January 5, 2017.

On February 1, 2017, Appellant filed a Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents five issues for our review:

I. Did the lower [c]ourt err in denying Appellant's "Motion for a New Trial/Motion for Judgment of Acquittal" by affirming its decision to allow the Commonwealth to introduce evidence of Appellant's alleged prior bad acts?

II. Did the lower [c]ourt err in denying Appellant's "Motion for a New Trial/Motion for Judgment of Acquittal" by affirming its denial at trial of Appellant's oral Motion for Judgment of Acquittal as to [c]ount 1 - Possession with Intent to Deliver and [c]ount 2 - Criminal Use of a Communication Facility?

III. Did the lower [c]ourt err in denying Appellant's "Motion for a New Trial/Motion for Judgment of Acquittal" by denying Appellant's claim that the verdicts as to said [c]ounts were contrary to the evidence?

IV. Did the lower [c]ourt err in denying Appellant's "Motion for a New Trial/Motion for Judgment of Acquittal" by denying Appellant's claim that the verdicts as to said [c]ounts were contrary to the weight of the evidence?

V. Did the lower [c]ourt err in denying Appellant's "Motion to Modify Sentence" in that the sentences imposed are excessive, inappropriate and disproportionate to the amount of confinement necessary to protect the public and to punish Appellant?

Appellant's Brief at 9-10.

## Pa.R.E. 404(b)

In his first issue, Appellant challenges the admission of evidence "recovered from [his] cellular phone purporting to show that [he] had engaged in drug dealing in the past." Appellant's Brief at 19.

The "[a]dmission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." *Commonwealth v. Tyson*, 119 A.3d 353, 357 (Pa. Super. 2015) (citation and quotation omitted). "Accordingly, a ruling admitting evidence will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous." *Commonwealth v. Huggins*, 68 A.3d 962, 966 (Pa. Super. 2013) (citations and internal quotations omitted).

Pennsylvania Rule of Evidence 404(b) prohibits evidence of a defendant's prior bad acts "to prove a person's character" or demonstrate "that on a particular occasion the person acted in accordance with the character." Pa.R.E. 404(b)(1). Nevertheless, the Rule further provides that prior bad acts evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Pa.R.E. 404(b)(2).

"In a criminal case, this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice." Pa.R.E. 404(b)(2). *See also* Daniel J. Anders, Ohlbaum on the Pennsylvania Rules

of Evidence § 404.11 *et. seq*. (2018 ed. LexisNexis Matthew Bender).

"Where evidence of prior bad acts is admitted, the defendant is entitled to a jury instruction that the evidence is admissible only for a limited purpose." ***Commonwealth v. Ivy***, 146 A.3d 241, 251 (Pa. Super. 2016) (citation omitted).

The Honorable Katherine V. Oliver, sitting as the trial court, has authored a comprehensive, thorough, and well-reasoned Opinion, citing relevant case law in addressing Appellant's evidentiary claim. We, thus, affirm on the basis of the trial court's January 5, 2017 Opinion. **See** Trial Court Opinion, dated 1/5/17, at 3-5 (concluding that the cell phone evidence referring to Appellant's prior drug transactions was properly admitted under Pa.R.E. 404(b)(2) because: (1) it established Appellant's intent to commit PWID; (2) it rebutted Appellant's personal-use defense; and (3) "the probative value of the evidence outweighed any unfair prejudicial effect.").[3]

**Sufficiency of the Evidence**

In his second and third issues, Appellant essentially contends that the evidence was insufficient to support his convictions for PWID and Criminal Use of a Communication Facility. **See** Appellant's Brief at 23-27.

We review claims regarding the sufficiency of the evidence by considering whether, "viewing all the evidence admitted at trial in the light

---

[3] The trial court also provided a jury instruction about the limited purpose of this evidence. **See** N.T. Trial, 7/26/16, at 285-86.

most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." ***Commonwealth v. Melvin***, 103 A.3d 1, 39 (Pa. Super. 2014) (citation and quotation omitted). Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. ***Id***. at 40. In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder. ***Id***. at 39-40.

To prove the offense of PWID, the Commonwealth must demonstrate beyond a reasonable doubt that: (1) the accused possessed a controlled substance; and (2) the accused had the intent to deliver it to another. 35 P.S. § 780-113(a)(30); ***Commonwealth v. Taylor***, 33 A.3d 1283, 1288 (Pa. Super. 2011).

The offense of Criminal Use of a Communication Facility is defined as follows: "A person commits a felony of the third degree if that person uses a communication facility to commit, cause or facilitate the commission or the attempt thereof of any crime which constitutes a felony under . . . The Controlled Substance, Drug, Device and Cosmetic Act." 18 Pa.C.S. § 7512(a). The statute defines a communication facility as "a public or private instrumentality used or useful in the transmission of signs, signals, writing, images, sounds, data or intelligence of any nature transmitted in whole or in

part, including, but not limited to, telephone, wire, radio, electromagnetic, photoelectronic or photo-optical systems or the mail." 18 Pa.C.S. § 7512(c).

After a thorough review of the record, the briefs of the parties, the applicable law, and the comprehensive and well-reasoned Opinion of the trial court, we conclude that there is no merit to Appellant's sufficiency claims on appeal. Accordingly, we affirm on the basis of the trial court's Opinion. ***See*** Trial Court Opinion at 5-8 (finding that (1) Appellant conceded his possession of the drugs; (2) the Commonwealth witnesses testified about arranging by phone specifically to purchase drugs from Appellant; and (3) Appellant's text messages of prior drug sales using coded language confirmed Appellant's intent to sell the drugs). Appellant's sufficiency challenge, thus, fails.

## Weight of the Evidence

We next address Appellant's assertion, contained in discussion of both his third and fourth issues, that the jury's verdict was against the weight of the evidence. In support, Appellant presents essentially the same sufficiency arguments as addressed above, and utterly fails to address how the trial court abused its discretion in denying his post-trial weight challenge. Appellant's Brief at 28.

We note that the weight to be given the evidence "is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." ***Commonwealth v.***

*Champney*, 832 A.2d 403, 408 (Pa. 2003) (quotation and citations omitted). A trial court reviewing a challenge to the verdict based on the weight of the evidence may grant relief only if "the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (citation omitted).

The trial court's denial of a weight claim is the least assailable of its rulings. *Commonwealth v. Diggs*, 949 A.2d 873, 879-80 (Pa. 2008); *see Commonwealth v. Morgan*, 913 A.2d 906, 909 (Pa. Super. 2006) (stating that because trial court is in best position to view the evidence presented, an appellate court will give that court "the utmost consideration" when reviewing its weight determination). On appeal, this Court may not consider the underlying question of whether the verdict is against the weight of the evidence; instead, we are limited to evaluating only the trial court's exercise of discretion in denying that claim. *Commonwealth v. Morales*, 91 A.3d 80, 91 (Pa. 2014). As our Supreme Court has made clear, reversal is only appropriate "where the facts and inferences disclose a **palpable abuse of discretion**[.]" *Id.* (citations omitted, emphasis in original).

After a thorough review of the record, the briefs of the parties, the applicable law, and the comprehensive and well-reasoned Opinion of the trial court, we conclude that there is no merit to Appellant's weight of the

evidence claim on appeal. The trial court carefully evaluated the record and the evidence in reviewing Appellant's weight claim. *See* Trial Court Opinion at 8-9. We discern no abuse of discretion in the trial court's denial of Appellant's weight claim. Accordingly, we affirm.

## Sentencing

In his final issue, Appellant challenges the discretionary aspects of his sentence. He avers that the trial court did not adequately consider his statements regarding the collateral consequences of his new sentence. Appellant's Brief at 16, 29-31.

Challenges to the discretionary aspects of sentence are not appealable as of right. ***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). ***Id.*** (citation omitted).

Herein, Appellant has complied with the first three requirements: Appellant filed a timely appeal, raised this specific sentencing challenge in a

Post-Sentence Motion,[4] and included in his Brief the required Pa.R.A.P. 2119(f) Statement. Therefore, we next determine whether Appellant raises a substantial question requiring us to review the discretionary aspects of the sentence imposed by the trial court.

"We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Hicks*, 151 A.3d 216, 227 (Pa. Super. 2016) (citation and quotation omitted). The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. *Commonwealth v. Bishop*, 831 A.2d 656, 660 (Pa. Super. 2003). An appellant raises a "substantial question" when he "sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010) (citation omitted).

_____

[4] Insofar as Appellant summarily argues in his Pa.R.A.P. 2119(f) Statement that the trial court abused its discretion by stating "insufficient and/or no articulable reasons . . . at the time of sentencing[,]" *see* Appellant's Brief at 16, he has waived this claim for failing to preserve it in his Post-Sentence Motion. *See* Appellant's Post-Sentence Motion, filed 9/9/16, at 4-6; Appellant's Brief in Support of Post-Sentence Motion, filed 11/1/16, at 9-11. *See also Leatherby, supra* at 83; *Commonwealth v. Frederick*, 475 A.2d 754, 764 (Pa. Super. 1984) (finding that defendant waived claim that sentencing court erred in "failing to adequately state its reasons for the sentence on the record" where he failed to preserve it in a motion to modify sentence).

An argument that the sentencing court failed to adequately consider mitigating factors in favor of a lesser sentence does not present a substantial question appropriate for our review. **Commonwealth v. Miklos**, 159 A.3d 962, 970 (Pa. Super. 2017), *appeal denied*, 170 A.3d 1042 (Pa. 2017); **see also Commonwealth v. Williams**, 562 A.2d 1385, 1388 (Pa. Super. 1989) (*en banc*) (concluding that an allegation that the sentencing court did not adequately consider various factors is, in effect, a request that this court substitute its judgment for that of the lower court in fashioning a defendant's sentence).

Here, Appellant claims in his argument section that the trial court did not adequately consider his statements regarding the collateral consequences of his new sentence. **See** Appellant's Brief at 29-31 (pertaining to his sentence adversely impacting his place on waitlists for rehabilitative programs in prison). This issue does not present a substantial question.[5] Accordingly, we will not review the merits of this claim. **See Miklos**, **supra** at 970; **Williams**, **supra** at 1388.

---

[5] Insofar as Appellant attempts to expand his argument to include other challenges to the discretionary aspects of his sentence, we will not address them since Appellant did not include these grounds in his 2119(f) Statement. **See** Appellant's Brief at 29-31 (stating that the aggregate of his consecutive sentences rendered an excessive sentence). Moreover, we note that "a sentencing court generally has discretion to impose multiple sentences concurrently or consecutively, and a challenge to the exercise of that discretion does not ordinarily raise a substantial question." **Commonwealth v. Raven**, 97 A.3d 1244, 1253 (Pa. Super. 2014).

Moreover, even had Appellant presented a substantial question, he would not be entitled to relief. After a thorough review of the record, including the sentencing transcript, the briefs of the parties, the applicable law, and the comprehensive and well-reasoned Opinion of the trial court, we conclude that there is no merit to Appellant's sentencing claims. *See* Trial Court Opinion at 10-11 (finding that (1) Appellant's drug sales presented "serious dangers to the public, and victimize[d] the community as a whole[,]" which required standard-range sentences in order to rehabilitate Appellant; and (2) no other factors persuaded the court that it should impose mitigated sentences or run each of Appellant's sentences concurrently).

The parties are instructed to attach a copy of the trial court's January 5, 2017 Opinion to all future filings.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/23/2018

- 12 -

Circulated 03/02/2018 02:29 PM



**IN THE COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA**
**CRIMINAL ACTION-LAW**

COMMONWEALTH OF PENNSYLVANIA   )
                                    )
           v.                     )      No. CP-14-CR-1599-2015
                                    )
JACOB ALLEN MORRONI,        )
                                    )
    DEFENDANT             )

*Attorney for the Commonwealth:*     *Stacy Parks Miller, Esquire*
*Attorney for Defendant:*           *Charles Kroboth, Esquire*

Oliver, J.

## OPINION AND ORDER

Presently before the Court is Defendant's "Post-Sentencing" Motion filed on September 9, 2016. The matter has been briefed by Defendant and the Commonwealth. Argument was scheduled for December 12, 2016, following several continuance requests. At the time of argument, both Parties agreed to submit the matter for decision on the briefs. For the reasons discussed below, Defendant's Post-Sentencing Motion is denied in its entirety.

## BACKGROUND

Defendant's criminal charges in this case arise from events that occurred on September 15, 2014. On August 20, 2015, the following charges were filed against Defendant: (1) Possession with Intent to Deliver or Manufacture Controlled Substance, 35 Pa. C.S.A. § 780-113(a)(30)("PWID"); (2) Criminal Use of Communication Facility, 18 Pa. C.S.A. § 7512(a); (3) Possession of a Controlled Substance without a Valid Prescription Order, 35 Pa. C.S.A. § 780-

 O ☐ RD ☐ S



113(a)(16) (two counts); (4) Possession of Drug Paraphernalia, 35 Pa. C.S.A. § 780-113(a)(32); and (5) Make Repairs/Sell/Etc. Offensive Weapons 18 Pa. C.S.A. § 908(a). Following a one day trial, the jury found Defendant guilty on all counts.[1] A sentencing hearing was held on August 30, 2016. Defendant was sentenced to an aggregate term of 27 to 54 months in a State Correctional Institution ("SCI"), consecutive to the SCI sentence he was serving at the time of sentencing for unrelated robbery convictions.

Pre-trial motions *in limine* were filed by Defendant and the Commonwealth. The Commonwealth's motions included a Notice of Intent to Introduce Evidence of Prior Bad Acts Pursuant to Pa.R.E. 404(b), specifically in regard to text and Facebook messages retrieved from Defendant's cellular phone ("404(b) Notice"). Argument was held regarding the motions *in limine* on July 20, 2016. The Court deferred ruling on the issues raised by the Commonwealth's 404(b) Notice and Defendant's objections thereto until after presentation of foundational evidence, including the actual messages at issue, taken outside of the presence of the jury at the start of trial on July 26, 2016. Following that presentation, and during the course of trial, the Court sustained Defendant's objections to the proffered evidence, in part, and overruled the objections, in part.

In his Post-Sentencing Motion filed September 9, 2016, Defendant asserts five separate grounds for post-sentence relief. These grounds are addressed below.

### Suppression Motion

Defendant withdrew this ground for relief in his Brief in Support of Post-Sentence Motion, which was also confirmed on the December 12, 2016 argument date.

---

[1] At trial, Defendant admitted the sufficiency of the evidence for conviction on the charges at Counts 3, 4 and 5.

## Prior Bad Acts Evidence

Defendant contends the Court erred in permitting the Commonwealth to introduce evidence of "prior bad acts," specifically, text messages and Facebook messages tending to show that Defendant had engaged in drug dealing communications and transactions involving Bath Salts and Synthetic Marijuana on other occasions before the night of his arrest. The Commonwealth offered this evidence for the purpose of proving intent to satisfy the intent element of the PWID charge against Defendant and to rebut an anticipated entrapment defense.

Pennsylvania Rule of Evidence 404(b)(1) prohibits introduction of evidence of a "crime, wrong or other act" for the purpose of proving bad character or criminal propensity to show that a person acted in conformity therewith on a given occasion. *See* Pa. R.E. 404(b)(1). However, various exceptions to the general rule are codified in Rule 404(b)(2). Rule 404(b)(2) provides:

> Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

Pa. R.E. 404(b)(2). Courts interpreting Rule 404(b)(2) have permitted introduction of "other bad acts" evidence to demonstrate the intent element of a possession with intent to deliver charge. *See e.g., Commonwealth v. Echevarria*, 575 A.2d 620, 623 (Pa. Super. 1990).

In the case at bar, the Commonwealth introduced evidence of various text messages and Facebook messages retrieved from Defendant's cellular phone, along with testimony from Trooper Steven Peterson to assist the jury in interpreting the messages. These messages tended to establish that Defendant had engaged in drug trafficking transactions involving Bath Salts and Synthetic Marijuana, the same substances at issue in the instant case, on other occasions close in time to the date of Defendant's arrest. This evidence tended to refute the defense theory that

3

Defendant was simply a heavy drug user who possessed these substances on the night in question for his personal use only, and to establish that Defendant did have the requisite intent on the date in question for conviction on the PWID charge.

As Defendant notes, (*see* Def. Br. Supp. Post-Sentence Mot., at p. 3), the Court ruled on each of the proffered messages individually after an initial offer of proof by the Commonwealth. In so ruling, the Court considered the Commonwealth's reason for seeking to introduce the messages, and balanced the probative value of each message in relation to the potential for prejudice. As to those messages the Court permitted the Commonwealth to introduce into evidence, the Court concluded that the messages were probative of the element of intent underlying the PWID charge, and that the probative value of the evidence outweighed any unfair prejudicial effect. Accordingly, the Court concluded that the messages were admissible under Pa.R.E. 404(b)(2).

Defendant challenges the admission of this evidence by arguing that any probative value is outweighed by the prejudice to Defendant. In this vein, Defendant attacks the probative value of the evidence by challenging the Commonwealth's interpretation of the text messages and challenging the credibility of a confidential informant who informed police that Defendant was dealing drugs. The Commonwealth presented the testimony of Trooper Peterson of the Pennsylvania State Police, qualified as an expert in drug trafficking investigations, at trial regarding his opinion as to the meaning of the text and Facebook messages based on his training and experience. The jury was free to accept or reject this testimony, and was so instructed as part of the closing charge. Contrary to Defendant's argument, the fact that the messages were open to more than one interpretation does not eliminate the potential probative value of the messages.

4

Defendant's argument that the credibility of the confidential informant, Mr. Blankenship, should be subjected to "heavy scrutiny" is equally unavailing. Whether Mr. Blankenship was credible or not was a question for the jury's determination. *See Commonwealth v. Vandivner*, 962 A.2d 1170, 1178 (Pa. 2009). Furthermore, even assuming Defendant is correct that it was Mr. Blankenship who initially lead the police to believe Defendant to be a drug dealer, and even assuming, *arguendo*, that Mr. Blankenship's testimony could not be credited, the opinion testimony from Trooper Peterson was not dependent on Mr. Blankenship's testimony, but on Trooper Peterson's experience and training pertaining to drug trafficking investigations.

Finally, Defendant does not identify any specific prejudice as relates to any of the messages individually or as to the messages collectively.[2] The Court thus assumes that the prejudice about which Defendant complains is the possible inference from the evidence that Defendant possessed the Bath Salts and Synthetic Marijuana on September 15, 2014 with intent to distribute, as opposed to possessing these illegal drugs for personal use only. The fact that evidence tends to establish a defendant's guilt does not render that evidence unfairly prejudicial. *Commonwealth v. Gordon*, 673 A.2d 866, 870 (Pa. 1996). The Court concludes that Defendant's claim of unfair prejudice is without merit.

### Sufficiency of Evidence (Counts 1 and 2)

Defendant contends the Court erred in denying his motion for judgment of acquittal as to Count 1, PWID, and Count 2, Criminal Use of a Communication Facility, made at the close of the Commonwealth's case in chief.

---

[2] Defendant does not specifically identify the content of the messages at issue, resting on the position that he objected to introduction of all of the messages. While it is true that Defendant objected to admission of any of the proffered 404(b) evidence, given the failure to cite the content of the messages, and the fact that a trial transcript was not requested, it is difficult for the Court to address Defendant's complaints message by message in ruling upon Defendant's Post-Sentencing Motion.

5

A motion for judgment of acquittal is a challenge to the sufficiency of the Commonwealth's evidence to sustain a conviction. *Commonwealth v. Abed*, 989 A.2d 23, 26 (Pa. Super. 2010). A motion for judgment of acquittal will only be granted when the Commonwealth has failed to meet its burden of proof beyond a reasonable doubt with respect to each of the elements that comprise the offense at issue. *Id.* In determining whether all elements of the offense have been sufficiently proven, the Court is required to view the evidence and reasonable inferences derived therefrom in the light most favorable to the Commonwealth as the verdict-winner. *Commonwealth v. Thomas*, 54 A.3d 332, 335 (Pa. 2012). Doubts resolving a defendant's guilt are to be resolved by the finder of fact, except when the evidence is "so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Commonwealth v. Richard*, 2016 Pa. Super 247, at 9 (Nov. 15, 2016) (*quoting Commonwealth v. Brown*, 23 A.3d 544, 559-60 (Pa. Super. 2011)).

The statutory offenses of PWID and Criminal Use of a Communication Facility are defined, in pertinent part, as follows:

> (30) Except as authorized by this act, the manufacture, deliver, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 Pa. C.S.A. § 780-113(a)(30).

> (a) Offense defined. --A person commits a felony of the third degree if that person uses a communication facility to commit, cause or facilitate the commission or the attempt thereof of any crime which constitutes a felony under this title or under the act of April 14, 1972 (P.L. 233, No. 64),[3] known as The Controlled Substance, Drug, Device and Cosmetic Act. Every instance where the communication facility is utilized constitutes a separate offense under this Section.

---

[3] 35 Pa.C.S.A. § 780-113(a)(30).

18 Pa. C.S.A. § 7512(a).

Defendant concedes the evidence was sufficient to establish his possession of Bath Salts and Synthetic Marijuana, such that those elements of the PWID charge are not at issue. Defendant's primary argument rests upon his contentions that he possessed the drugs for personal use only, that Mr. Blankenship was not a credible witness, and that text messages between Defendant and Mr. Blankenship on the day in question are open to interpretation and do not establish that Defendant was engaged in drug dealing beyond a reasonable doubt. (*See* Def. Br. Supp. Post-Sent. Mot., at pp. 5-8). As to the Criminal Use of Communication Facility charge, Defendant argues that because the PWID charge cannot stand, the Criminal Use charge, which is dependent on the PWID charge, also fails.

Defendant's arguments disregard much of the evidence presented by the Commonwealth at trial and ignore the well-established principles that findings of fact and determinations of witness credibility are solely within the province of the jury. *See Vandivner*, 962 A.2d at 1178. As outlined in the Commonwealth's brief, the evidence at trial included testimony from William Blankenship, Trooper Steven Peterson and Trooper Kevin Reese. Mr. Blankenship testified that Defendant had provided him with drugs on an occasion prior to the night of Defendant's arrest, and that Defendant had agreed to bring him Bath Salts on the night he was arrested. This agreement was made by telephone while Mr. Blankenship was at the police barracks and in the presence of Troopers Reese and Peterson. Evidence of the agreement was also presented by way of text messages found on Defendant's cellular phone by Trooper Reese. Defendant subsequently arrived at Mr. Blankenship's home with Bath Salts on September 15, 2014, the day of his arrest. In addition, Trooper Peterson was qualified as an expert in the field of drug investigations. He testified to his opinion that various text messages obtained from Defendant's

phone from before the events at issue indicated that Defendant had been dealing drugs, and also that the messages related to the events leading to Defendant's arrest were evidence of drug dealing. Trooper Reese testified that Defendant was found in possession of Bath Salts and Synthetic Marijuana, along with drug paraphernalia and brass knuckles, at the time of his arrest. Trial testimony also established that the drugs in Defendant's possession were individually packaged, with numerous bags of each substance.

The Commonwealth also presented testimony from Joseph Winter, who was with Defendant on his arrival to Mr. Blankenship's residence on September 15, 2014. Mr. Winter testified that Defendant asked him for a ride to Mr. Blankenship's on the date in question and that Defendant gave him a bag of Bath Salts in exchange for the ride. Although Mr. Winter testified that Defendant had not told him the reason for going to Mr. Blankenship's, Trooper Reese testified that Mr. Winter told him that Defendant advised Mr. Winter he needed a ride to make a drug sale.

The evidence summarized above was sufficient to meet the Commonwealth's burden of proving, beyond a reasonable doubt, that Defendant possessed Bath Salts and/or Synthetic Marijuana with the intent to deliver them to another person, and that Defendant had used his cellular phone, (a "communication facility"), to arrange a drug deal with Mr. Blankenship. Accordingly, the Court concludes that Defendant's motion for judgment of acquittal was properly denied, and Defendant is not entitled to post-sentence relief on his sufficiency of evidence challenge.

## Weight of the Evidence (Counts 1 and 2)

A challenge to the weight of the evidence requires inquiry into whether, "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them

8

equal weight with all the facts is to deny justice." *Commonwealth v. Richard, supra*, at 10-11 (quoting *Interest of J.B.*, 2016 WL 4547955, at \*10-11). In considering a weight of the evidence challenge, the Court must determine whether the jury's verdict is so contrary to the evidence as to "shock one's sense of justice" and dictate that a new trial be granted in order that "right may be given another opportunity to prevail." *Id.* Determinations as to witness credibility are within the sole discretion of the jury as fact finder, and a trial judge may not grant a new trial based on mere conflicts in testimony or because the judge would have decided differently. *Vandivner*, 962 A.2d at 1177.

In challenging the weight of the evidence, Defendant incorporates the same arguments put forth in his motion for judgment of acquittal. These arguments are no more persuasive in the weight of the evidence context. As a threshold matter, it is the role of the jury, as the sole finder of fact, to resolve conflicts in testimony and questions of credibility. *Commonwealth v. Vandivner, supra.* It is also the prerogative of the jury to determine the weight to be afforded each witnesses' testimony, and whether to accept all, part, or none of the testimony. *Id.* at 1177. As discussed above, the evidence in the case at bar was sufficient to establish the offenses against Defendant beyond a reasonable doubt, and Defendant's arguments to the contrary disregard much of the trial evidence as well as controlling legal principles. Although the evidence might, conceivably, have permitted the jury to conclude that Defendant was a serious drug abuser and that he possessed the Bath Salts and Synthetic Marijuana for personal use only, the jury's conclusion otherwise is certainly not so contrary to the evidence as to shock one's sense of justice. Thus, Defendant's weight of the evidence challenge is denied.

9

## Motion to Modify Sentence

Sentencing is a matter vested in the sound discretion of the sentencing judge. *Commonwealth v. High*, 450 A.2d 158, 159 (Pa. Super. 1982). The decision whether to impose concurrent or consecutive sentences for multiple offenses is to be made by the sentencing judge with a view toward the factors set forth in 42 Pa. C.S. A. § 9271(b). *Commonwealth v. Marts*, 889 A.2d 608, 612 (Pa. Super. 2005). Those factors are: (1) the protection of the public; (2) the gravity of the offense in relation to the impact on the victim and community; and, (3) the rehabilitative needs of the Defendant. 42 Pa. C.S.A. § 9271(b).

In fashioning an appropriate sentence, the Court must consider the "particular circumstances of the offense and the character of the defendant." *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010). When a presentence investigation report was considered by the sentencing court, the law presumes the sentencing court was aware of information contained therein as to the defendant's background and character, and that this information was duly considered by the court. *See id.* The sentencing court must also consider the sentencing guidelines established by the Pennsylvania Sentencing Commission. When the court imposes sentence within the standard guideline range, the sentence is viewed as appropriate under Pennsylvania law. *Id.*

In the case at bar, the Court imposed an aggregate sentence of 27-54 months, broken down as follows:

    (a) Count 1-PWID: 18-36 months, consecutive to that sentence imposed on Defendant at Centre County docket number CP-14-CR-1659-2014 for unrelated criminal conduct;

    (b) Count 2-Criminal Use of a Communication Facility: 18-36 months, concurrent to Count 1;

    (c) Count 5-Use/Possession of Drug Paraphernalia: 6-12 months, concurrent to Count 1;

10

(d) Count 6-Possession of Offensive Weapons: 9-18 months, consecutive to Count 1.

(e) No separate sentences were imposed for Counts 3 and 4, both possession charges that merged with Count 1.

Defendant argues that these sentences are excessive, inappropriate and disproportionate, and requests that the sentences be reduced and/or run concurrently with the sentences imposed at criminal docket number CP-14-CR-1659-2014. Defendant cites to his 3 to 6 year aggregate sentence at the 1659-2014 docket, his exemplary prison record to date, and his desire to participate in rehabilitative programs at the prison sooner than would be permitted due to his aggregate minimum sentence after sentencing in the instant case, and based on prison policy.

In imposing sentence, the Court considered the circumstances of the offenses, the information set forth within the Pre-Sentence Investigation Report, the Sentencing Guidelines, and the memoranda and arguments of counsel. The Court was guided by the principle that a sentence of confinement must be consistent with the protection of the public, the gravity of the offenses, and the rehabilitative needs of the Defendant. The sale of harmful illegal drugs in the community presents serious dangers to the public, and victimizes the community as a whole. Given the offense gravity scores for the offenses charged and Defendant's prior record score of 5, each of the sentences imposed was within the standard range set by the Sentencing Guidelines. Although prison policies may delay the rehabilitative programming available to Defendant, the Court was not persuaded that this factor, or any other circumstances, warranted a mitigated sentence under the circumstances of this case. Nor does the Court agree that it would be appropriate to run Defendant's sentences concurrent to his sentences for violent criminal conduct on a completely separate occasion charged at docket number 1659-2014.

In sum, and in accordance with the authorities cited above, the Court concludes that Defendant's sentence was appropriate and, thus, denies Defendant's motion to modify sentence.

11

Consistent with the above, the Court enters the following Order:

**ORDER**

AND NOW, this ___5TH___ day of January, 2017, consistent with the foregoing

Opinion, Defendant's Post-Sentence Motions are DENIED.

BY THE COURT

_____
Katherine V. Oliver, Judge