J-S39002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SAMANTHA RAE STANTON | |
| Appellant | No. 111 MDA 2018 |

Appeal from the Judgment of Sentence imposed August 28, 2017
In the Court of Common Pleas of Centre County
Criminal Division at No: CP-14-CR-0001327-2016

BEFORE: STABILE, MURRAY, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED SEPTEMBER 18, 2018**

Appellant, Samantha Rae Stanton, appeals from the judgment of sentence the Court of Common Pleas of Centre County imposed on August 28, 2017. Appellant argues the trial court abused its discretion in denying her weight of the evidence challenge. We disagree. Accordingly, we affirm.

The trial court summarized the relevant facts as follows:

This case involves an incident that occurred on May 25, 2016 at Circleville Park in State College, Pennsylvania. [Appellant] Samantha Stanton, her husband Bentley Stanton, and an acquaintance, Josh Parris, were playing frisbee golf at the park on that date. Paul Kaminski [hereinafter "victim"] was also at the park, test-flying a new drone he had recently purchased. Apparently believing [victim] had been sexually assaulting Samantha Stanton by following her through the park with the drone, the Stantons and Parris approached and confronted [victim], physically assaulting him. The group pursued [victim] through the park as he tried to escape the assault. It was not until the arrival and intervention of a third party good Samaritan that victim was able to escape to his vehicle. The police were

called to the scene and interviewed all participants. [Victim] suffered physical injuries as a result of the incident and his drone was destroyed.

Trial Court Opinion, 1/3/18, at 2.

As a result, Appellant was charged with simple assault, recklessly endangering another person, disorderly conduct, and summary harassment. On July 7, 2017, following a jury trial, the jury convicted Appellant of simple assault, and acquitted her of the endangering another person and disorderly conduct charges. The trial court found Appellant guilty of the summary harassment charge.

On August 28, 2017, the trial court sentenced Appellant to 24 months' probation on the simple assault conviction, and 90 days' probation on the summary offense to run concurrently with the other sentence.

On September 6, 2017, Appellant filed a post-sentence motion alleging that the guilty verdict on the simple assault conviction was against the weight of the evidence. After holding a hearing, the trial court denied Appellant's motion. This appeal followed.

On appeal, Appellant argues that the trial court abused its discretion in denying her weight of the evidence challenge on two grounds. First, pointing to her testimony and that of her co-defendants, Appellant argues there was no evidence that Appellant attempted to cause bodily injury, and, second, she was not an accomplice to the assault perpetrated by co-defendants. Appellant's Brief at 17.

In **Commonwealth v. Widmer**, 744 A.2d 745 (Pa. 2000), our Supreme

Court explained:

> An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

**Id.** at 751-52 (internal citations and quotation marks omitted).

On review, an appellate court does not substitute its judgment for that

of the finder of fact and consider the underlying question of whether the

verdict is against the weight of the evidence, but, rather, determines only

whether the trial court abused its discretion in making its determination. **Id.**

at 753.

By alleging that there was no evidence corroborating the simple assault

charges against Appellant, it appears that Appellant does not consider relevant

portions of the testimony of several witnesses. For example, the victim

testified at trial to being assaulted and pursued by, among others, Appellant.

Indeed, the victim testified that Appellant "struck him with a frisbee, and then

with her fist, after bystander Troy Teresak came upon the scene and stopped

the assault[.] " Trial Court Opinion, 1/3/18, at 4. Additionally, Appellant must

ignore the testimony of Teresak saying he saw the men "swinging punches at

the victim, and saw the woman kick at him while he was on the ground." ***Id.***
Finally, Appellant ignores that the responding officer testified that she
"admitted to some level of involvement in the assault." ***Id.*** at 5.

The jury heard, considered, and credited the victim's and the other
witnesses' testimony that Appellant assaulted the victim, and as part of the
assailing group. It was the jury's prerogative to decide whom and what to
believe. Upon consideration, the jury found against Appellant. It is not the
trial court's nor our Court's role to reweigh or reassess the evidence, or, as
suggested by Appellant here, disregard inconvenient testimony.

Upon review of the facts of the case, the applicable law, and the trial
court opinion, we discern no error in the trial court's exercise of discretion in
denying Appellant's challenge, and we affirm the judgment of sentence based
on the trial court's well-reasoned January 3, 2018 opinion. We further direct
that a copy of the trial court's opinion of January 3, 2018 be attached to any
future filings in this case.

Judgment of sentence affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 09/18/2018

**IN THE COURT OF COMMON PLEAS, CENTRE COUNTY, PENNSYLVANIA**
**CRIMINAL ACTION- LAW**

COMMONWEALTH OF PENNSYLVANIA,      :      2016-1327

         v.

SAMANTHA RAE STANTON

 

*Attorney for the Commonwealth:*          *Michael Osterburg, Esq.*
*Attorney for the Defendant:*          *Patrick McAreavy, Esq.*

Oliver, J.

## OPINION & ORDER

Presently before the Court is Defendant Samantha Stanton's Post-Sentence Motion filed on September 6, 2017. For the reasons that follow, Defendant's Motion is denied.

### Procedural Background

Samantha Stanton (Defendant) was charged with simple assault (Count 1), recklessly endangering another person (Count 2), disorderly conduct (Count 3), and summary harassment (Count 4) on June 30, 2016 based on events that occurred on May 25, 2016 at Circleville Park in State College, Pennsylvania. Following a one-day jury trial on July 7, 2017, the jury returned a guilty verdict against Defendant on the simple assault charge (bodily injury attempted) at Count 1, and not guilty verdicts on the charges of recklessly endangering another person and disorderly conduct. The Court found Defendant guilty on the summary harassment charge.

Defendant was sentenced on August 28, 2017 after completion of a pre-sentence investigation. On the simple assault charge, the Court imposed a sentence of probation for a period of twenty-four (24) months. Defendant was also ordered, *inter alia*, to make restitution,

1

devote two days to community service, and to attend and complete the Centre County Education and Resistance Training Program, ("CCERT"), as part of her sentence on the simple assault charge. On the summary harassment charge, the Court imposed a sentence of ninety (90) days probation to run concurrent with the simple assault sentence. Participation in the CCERT program was also included as a condition of the probation at Count 4.

Defendant filed a Post-Sentence Motion on September 6, 2017. A briefing schedule was entered, and both Defendant and the Commonwealth filed timely briefs. A hearing was held on Defendant's Post-Sentence Motion on October 24, 2017.

Defendant's Post-Sentence Motion raises two grounds in support of her request that the Court grant her a new trial as to Count 1. Alternatively, Defendant requests that her sentence be modified to eliminate the CCERT program. These issues are addressed below.

## Brief Factual Background

This case involves an incident that occurred on May 25, 2016 at Circleville Park in State College, Pennsylvania. Defendant Samantha Stanton, her husband Bentley Stanton, and an acquaintance, Josh Parris, were playing frisbee golf at the park on that date. Paul Kaminski was also at the park, test-flying a new drone he had recently purchased. Apparently believing Mr. Kaminski had been sexually harassing Samantha Stanton by following her through the park with the drone, the Stantons and Parris approached and confronted Mr. Kaminski, physically assaulting him. The group pursued Mr. Kaminski through the park as he tried to escape the assault. It was not until the arrival and intervention of a third party good Samaritan that Mr. Kaminski was able to escape to his vehicle. The police were called to the scene and interviewed

2

all participants. Mr. Kaminski suffered physical injuries as a result of the incident and his drone was destroyed.

## Discussion

### 1. *Request for New Trial*

Defendant raises a post-sentence motion under Rule 607 of the Pennsylvania Rules of Criminal Procedure, contending the guilty verdict on the simple assault charge at Count 1 was against the weight of the evidence. A challenge to the weight of the evidence requires inquiry into whether, "'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" *Commonwealth v. Richard*, 150 A.3d 516-17 (Pa. Super. 2016) (quoting *Commonwealth v. Clay*, 64 A.2d 1049, 1055 (Pa. 2013)). In considering a weight of the evidence challenge, the Court must determine whether the jury's verdict is so contrary to the evidence as to "shock one's sense of justice" and dictate that a new trial be granted in order that "right may be given another opportunity to prevail." *Id.*

In evaluating a weight of the evidence challenge, the Court must adhere to the fundamental principle that determinations of witness credibility are within the sole discretion of the jury as fact finder; a trial judge may not grant a new trial based on mere conflicts in testimony or because the judge would have decided differently. *Commonwealth v. Vandivner*, 962 A.2d 1170, 1178 (Pa. 2009), *cert. denied*, 559 U.S. 1038 (2010). Furthermore, a jury is "free to believe all, part, or none of the evidence." *Commonwealth v. Forbes*, 867 A.2d 1268, 1272-73 (Pa. Super. 2005). The court may not sit as a "thirteenth juror" in deciding a motion for new trial based on a weight of the evidence challenge. *Commonwealth v. Hunter*, 768 A.2d 1136, 1143 (Pa. Super. 2001), *appeal denied*, 796 A.2d 979 (Pa. 2001).

3

In the case at bar, Defendant argues that the trial evidence showed that she did not attempt to cause bodily injury to victim Paul Kaminski, and that she was not an accomplice to the assault committed by her husband and by an acquaintance, Josh Parris. In so arguing, Defendant points to her own trial testimony and to that of her husband and co-Defendant, Bentley Stanton, as proving that she did not ever touch the victim, attempt to touch the victim, or threaten to touch the victim. (*See* Def's. Memo. of Law Supp. Post-Sent. Mot., at 5-6, 9-10). Defendant also argues that her only role was to attempt to stop the altercation after it began. (*Id.*).

Defendant would have the Court completely discredit the trial testimony of victim Paul Kaminski that Defendant Samantha Stanton, as well as the two men with her, struck Defendant during the events on May 25, 2016. Mr. Kaminski testified to being assaulted and pursued in Circleville Park by Bentley Stanton, Josh Parris and Samantha Stanton. He specifically testified that Ms. Stanton struck him with a frisbee, and then with her fist, after bystander Troy Teresak came upon the scene and stopped the assault by Bentley Stanton. (Trial Tr., at 98-99).[1] Mr. Kaminski also testified that, as the two men were punching him, Ms. Stanton was screaming at him for following her with his drone, "fueling the fire," as the men assaulted him. (*Id.* at 97-98).

Defendant also asks the Court to downplay the trial testimony of witness Troy Teresak regarding Ms. Stanton's involvement. Witness Teresak testified that, as he drove by Circleville Park on the day of the incident, he saw a group of four individuals, with three of them appearing to be aggressors and the fourth backing away. (Trial Tr., at 172). The three aggressors -- two men and a woman -- were yelling angrily at the fourth, and one of the male aggressors pushed him over. Witness Teresak saw the men start swinging punches at the victim, and saw the woman kick at him while he was on the ground. (*Id.* at 173). He saw the victim get up and try to

---

[1] All references to the transcript are to the trial transcript of the July 7, 2017 jury trial in this case.

4

back away before the attack started again. He testified that the victim appeared to be trying to escape to his car, and that the three individuals were following him. (*Id.* at 174). Mr. Teresak ran over to stop the fight and became involved in a heated discussion with Bentley Stanton. (*Id.* at 175). Mr. Teresak stayed at the scene until the police arrived. In addition to testimony from Mr. Kaminksi and Mr. Teresak, Officer Brian Shaffer of the Patton Township Police Department testified that both Bentley and Samantha Stanton admitted to some level of involvement in the assault. (*Id.* at 200-01).

On review of the record, it is clear that Defendant's arguments for a new trial in this case fail to acknowledge the fundamental role of the jury as the trier of fact and the decision maker on issues of both credibility and weight to be accorded to the evidence. Although Defendant would have the Court give greater weight to her testimony and to that of her husband, the Court is not permitted to second-guess the jury in this manner and to act as a "thirteenth juror." Reviewing the record as a whole, the Court concludes that the verdict of the jury was supported by the evidence, and was certainly not so contrary to the evidence that it would shock one's sense of justice. Thus, Defendant's motion for new trial on weight of the evidence grounds is denied.

In her post-sentence motion, Defendant also challenged the Court's denial of her motion for a mistrial on the ground that video evidence from the victim's drone had been edited and the original tape was never been produced to defense counsel. (*See* Def. Post-Sentence Mot., at ¶ 8). Defendant did not further develop this issue at oral argument or in her brief. On review of the record, the Court cannot agree that the testimony established the video had, in fact, been edited, let alone that the Commonwealth was aware of any edits to the video or that Defendant was somehow prejudiced. Accordingly, the Court rejects this allegation of error as a basis for a new trial.

5

## 2. *Motion to Modify Sentence*

Sentencing is a matter vested in the sound discretion of the sentencing judge. *Commonwealth v. High*, 450 A.2d 158, 159 (Pa. Super. 1982). The Sentencing Code sets forth three overarching factors for the court's consideration in sentencing: (1) the protection of the public; (2) the gravity of the offense in relation to the impact on the victim and community; and, (3) the rehabilitative needs of the defendant. 42 Pa. C.S.A. § 9271(b).

In fashioning an appropriate sentence, the Court must consider the "particular circumstances of the offense and the character of the defendant." *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010). When a pre-sentence investigation report was considered by the sentencing court, the law presumes the sentencing court was aware of information contained therein as to the defendant's background and character, and that this information was duly considered by the court. *See id.* The sentencing court must also consider the sentencing guidelines established by the Pennsylvania Sentencing Commission. When the court imposes sentence within the standard guideline range, the sentence is viewed as appropriate under Pennsylvania law. *Id.*

When imposing a sentence of probation, courts may include reasonable conditions as are deemed necessary to "insure or assist the defendant in leading a law abiding life." 42 Pa.C.S.A. § 9754(b). Among other specified conditions, as part of the sentencing order, courts are authorized to impose probation conditions reasonably related to the rehabilitation of the defendant and "not unduly restrictive of [the defendant's] liberty or incompatible with his freedom of conscience." *Id.* § 9754(c)(13).

6

Defendant in the case at bar was sentenced to a period of two years' probation on count 1, to make restitution to the victim, and to attend and complete the Centre Country Education and Resistance Training Program (CCERT). The probationary sentence was within the standard guidelines, and the conditions imposed were determined based on Defendant's individual circumstances and the circumstances of the crime. Defendant now asks the Court to modify her sentence to eliminate the CCERT requirement.

Defendant argues that the CCERT program requirement presents a conflict of interest because one of the probation officers employed by the Centre County Probation and Parole Department ("Probation Department") is paid on an hourly basis to facilitate weekly CCERT program meetings. According to Defendant, a financial incentive thus exists for the Probation Department to recommend people for the CCERT program. (Def's Memo. Supp. Post-Sent. Mot., at 13-14). Defendant did not present any evidence to support her argument, but instead cites to testimony from a 2008 hearing raising a similar challenge to the CCERT program based on circumstances existing at that time. (*See id.* at 13-16 and Exhibit 2 thereto).

Defendant's argument is primarily built on the erroneous premise that the decision to include CCERT participation in Defendant's sentence in this case was made by the Probation Department. (*See* Def's Memo. Supp. Post-Sent. Mot., at 13) (stating that the Centre County Probation Department decides who is accepted into the CCERT program). As noted by the Commonwealth, however, participation in the CCERT program in this instance was a requirement imposed by the Court, and did not stem from a Probation Department recommendation. The CCERT program aims to instill accountability and responsibility in offenders and to educate individuals about errors in judgment and the choices leading them to offend. In fashioning Defendant's sentence, the information considered by the Court included

7

the information contained in the pre-sentence investigation report regarding Defendant's background and individual circumstances, the Pennsylvania Sentencing Guidelines, and the facts developed at trial regarding the nature and circumstances of the offense. Although the Court determined that a probationary sentence was appropriate, the Court also determined that the aggressive nature of the offense and the surrounding circumstances suggested that an educational program geared toward recognition of rash decision making and accepting personal responsibility would serve Defendant's rehabilitative needs as well as the safety of the community. The Court believes participation in CCERT is a condition reasonably related to Defendant's rehabilitation, and there has been no suggestion that the condition is unduly restrictive of her liberty or incompatible with her freedom of conscience. The Court thus concludes there is no merit to Defendant's argument that imposition of CCERT in this case was spurred by any kind of financial incentive, that it presents an inappropriate conflict of interest, or that it is otherwise an inappropriate condition of probation in this case.

Finally, Defendant complains that there is no contract between Centre County and the Probation Department with respect to the CCERT program and services thereunder. Defendant has not fully developed her argument in this regard or cited to any case authority for consideration by the Court, nor was an evidentiary record developed on this issue. The Court is not persuaded that the absence of a contract for the CCERT program renders the program unlawful.

Consistent with the foregoing, the Court enters the following Order:

8

## ORDER

AND NOW, this **3d** day of January, 2018, for the reasons set forth in the accompanying Opinion, Defendant's Post-Sentence Motion is hereby DENIED.

BY THE COURT:

_____
Katherine V. Oliver, Judge