430 A.2d 1180

**COMMONWEALTH of Pennsylvania,**

v.

**James WELDON, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 1980.

Filed June 12, 1981.

534

Michael A. Klimpl, Doylestown, for appellant.

Michael Kane, District Attorney, Doylestown, for Commonwealth, appellee.

Before CAVANAUGH, DiSALLE and MONTEMURO, JJ.

CAVANAUGH, Judge:

This case involves the appeal by one of three co-defendants charged with a burglary of a residence in Quakertown, Bucks County, on March 30, 1978. Appellant, James Weldon, was convicted of burglary and related offenses and was given concurrent sentences of two to five years.

I

The appellant first argues that the Commonwealth's evidence was not sufficient to prove its case beyond a reasonable doubt. We have thus examined the evidence under the familiar standard of sufficiency of the evidence. *Commonwealth v. Madison*, 263 Pa.Super. 206, 397 A.2d 818 (1979). So considered, the evidence discloses that a Commonwealth witness Raymond Hubbard, Special Agent of the United States Treasury Department, Bureau of Alcohol, Tobacco and Firearms, testified concerning his meetings with appellant while acting as an undercover agent in the Kensington area of Philadelphia. On March 30, 1978, the witness went to the Summer Place Bar and there met the manager, John Lorenzo, who called appellant over to talk with him. They discussed the sale by appellant to Hubbard of a Ruger Black Hawk 357 pistol and on March 31 appellant consummated the sale to Hubbard, including a holster and cartridges. The victim of the burglary Dr. Obenrader had testified that objects fitting this description had been taken from his residence. In a conversation of July 25, 1978 appellant mentioned a burglary of a doctor's house; that he could beat the charges for the "Quakertown job"; and that he was picked up in Quakertown by Lorenzo and a girl named Terry. In regard to his activities in Quakertown he described how he went out the back door of the premises and how

the identification of him was not positive.  On September 6, 1978, appellant stated that when he was at Quakertown he was upstairs and found an office and was going through the drawers; that he ran out the back door and over a fence; and that he cut his hand going over the fence.

In addition, a review of the evidence supports the conclusion that various eyewitnesses to events following the burglary saw three different men come from the scene of the burglary: two who came out the front door and got into a car and a third who was seen fleeing from the back of the premises.  While the appellant was never facially identified in court as the third member, his co-defendants were identified and there was testimony that the clothing worn by the person fleeing over the fence was the same as that seen to be worn by the appellant on the morning of the burglary while in the company of his two co-defendants.  We conclude that the evidence was fully sufficient to support the verdict of guilty of burglary.

## II

Appellant argues that the sentence of two to five years is excessive and was not given within "the procedural limits of the law".  Our examination of the record discloses that the only statement given by the court at the time of sentencing Mr. Weldon was given in conjunction with a sentence of a co-defendant as follows:

> As to Mr. Weldon, in your case, and Mr. Hilton's case, it was imposed because of the seriousness of the offense, the fact that you entered a private dwelling home in the daytime in the Bucks County area in a residential community, and we believe that any lesser sentence would not be in keeping with the type of crime that all of you have committed.

Our cases provide that the sentencing judge must state on the record the reasons for the sentences imposed, including an indication that the judge attached weight to the statutory guidelines for sentencing and considered the circumstances of the offense and the character of the de-

fendant. While, here, the court stated that the offense involved the burglary of a private dwelling in daytime, and that a lesser sentence would not be in keeping with this type of crime, this statement is insufficient to comply with the statutory or decisional requirements for sentencing. *Commonwealth v. Wicks*, 265 Pa.Super. 305, 401 A.2d 1223 (1979); *Commonwealth v. Doyle*, 275 Pa.Super. 373, 418 A.2d 1336 (1979); *Commonwealth v. Steward*, 276 Pa.Super. 64, 419 A.2d 96 (1980); *Commonwealth v. Kostka*, 276 Pa.Super. 494, 419 A.2d 566 (1980); *Commonwealth v. Smith*, 278 Pa.Super. 20, 419 A.2d 1335 (1980); *Commonwealth v. Landi*, 280 Pa.Super. 134, 421 A.2d 442 (1980); *Commonwealth v. Maxwell*, 280 Pa.Super. 235, 421 A.2d 699 (1980); *Commonwealth v. O'Brien*, 282 Pa.Super. 193, 422 A.2d 894 (1980); *Commonwealth v. Levenson*, 282 Pa.Super. 406, 422 A.2d 1355 (1980).

In sentencing appellant the court did not have the benefit of a presentence investigation report and simply stated that it waived a presentence investigation. In *Commonwealth v. Martin*, 466 Pa. 118, 133, 351 A.2d 650 at 658 (1976) the Supreme Court held:

> The sentence must be imposed for the minimum amount of confinement that is consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant. See 18 Pa.C.S. § 1321(b) (Supp.1975). At least two factors are crucial to such determination—the particular circumstances of the offense and the character of the defendant. Pa.R.Crim.P. 1403(a)(2) provides that all pre-sentence reports shall include such information. We hold that regardless whether a pre-sentence report is ordered, the sentencing court must at least consider these two factors in its sentencing determination. Failure to give such individualized consideration requires that these sentences be vacated. (footnote omitted).

As a result of the mandate contained in the *Martin* case the Pennsylvania Rules of Criminal Procedure were amended to provide that in certain situations (including when, as

here, a sentence of incarceration of one year or more is possible disposition) if the sentencing court fails to order a pre-sentence report it shall place in the record its reasons for dispensing with a report. Pa.R.Crim.Pro. 1403(A)(2). The rule further provides that when a pre-sentence investigation report is prepared it "shall include information regarding the circumstances of the offense and the character of the defendant sufficient to assist the court in determining sentence." Pa.R.Crim.P. 1403(A)(3).

The failure of the court to give reasons for dispensing with a presentence report especially when considered with the failure to adequately state the reasons for sentencing and a consideration of the statutory guidelines for sentencing require that while we affirm the conviction of appellant, we vacate the sentence and remand for resentencing.

Remanded.