466 A.2d 1082

**COMMONWEALTH of Pennsylvania**

v.

**James WELDON, Appellant.**

Superior Court of Pennsylvania.

Submitted May 19, 1983.

Filed Oct. 14, 1983.

Michael Alan Klimpl, Doylestown, for appellant.

Michael J. Kane, District Attorney, Doylestown, for Commonwealth, appellee.

Before HESTER, BROSKY and BECK, JJ.

BROSKY, Justice:

The sole issue in this appeal from appellant's conviction on charges of burglary, theft, receiving stolen property and conspiracy is whether the sentence imposed on him is excessive. For the reasons that follow, we remand for resentencing.

Appellant was tried and convicted in January, 1979. An appeal was taken from that conviction at which time appellant argued that the conviction was not supported by sufficient evidence and that the sentence imposed on him was excessive. We affirmed the conviction, but remanded for resentencing because the sentencing court had not ordered a pre-sentence report, nor explained its reasons for not doing so. Nor had the court explained on the record its reasons for imposing the sentence it did. *Commonwealth v. Weldon*, 287 Pa.Super. 533, 430 A.2d 1180 (1980).

On remand, the court ordered a pre-sentence report and held another sentencing hearing. At that hearing the court

referred generally to the pre-sentence report and said that it was to be incorporated into the record of the proceedings.

The court again sentenced appellant to a term of imprisonment of 2 to 5 years and explained its reasons as follows:

I stated earlier, and I repeat now, that this was a burglary in a residential area far removed from the defendant's home. It was a burglary during, my recollection is, the daylight hours. The owner of the home came in and there could well have been violence. But, of course, none took place.

In my opinion, and in accordance with the dictates of the Sentencing Code, it is the type of crime that unless a sentence of the nature that I am about to impose would be placed upon the defendant, it would depreciate the seriousness of the crime that was committed. There is no doubt in my mind that this defendant was involved in this.

Part of rehabilitation is acknowledging that one has done wrong. I note that he contends he was not involved, even though the evidence of his involvement was overwhelming and the jury had no difficulty in so concluding.

The trial court did indicate that it received information in the pre-sentence report that convinced it that a term of incarceration was warranted. The court did not, however, amplify upon that statement and did not discuss what information had influenced its decision.

It is well settled that the imposition of sentence is left to the discretion of the sentencing court. *Commonwealth v. Cottle*, 493 Pa. 377, 426 A.2d 598 (1981); *Commonwealth v. High*, 304 Pa.Super. 174, 450 A.2d 158 (1982).

The sentencing court must state on the record its reasons for the sentence imposed. *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977); *Commonwealth v. Maxwell*, 280 Pa.Super. 235, 421 A.2d 699 (1980). Furthermore, as we explained in *Weldon*, supra, 287 Pa.Super. at 537, 430 A.2d at 1182.

The sentence must be imposed for the minimum amount of confinement that is consistent with the protec-

tion of the public, the gravity of the offense, and the rehabilitative needs of the defendant. See 18 Pa.C.S. § 1321(b) (Supp.1975). At least two factors are crucial to such determination—the particular circumstances of the offense and the character of the defendant. Pa.R.Crim.P. 1403(a)(2) provides that all pre-sentence reports shall include such information. We hold that regardless whether a pre-sentence report is ordered, the sentencing court must at least consider these two factors in its sentencing determination. Failure to give such individualized consideration requires that these sentences be vacated. (Footnote omitted).

■ As was the case when we first remanded this case for resentencing, the sentencing court has not indicated that it has considered the character of the defendant.

The court has considered the seriousness of the crime, but it has not explained to us what it perceives to be the character of the appellant and why it has decided that he should be incarcerated, as opposed to a lesser form of punishment. See *Commonwealth v. High,* supra.

■ Nor does the fact that the sentencing court ordered a pre-sentence report absolve it of the responsibility to state on the record its reasons for sentence. As our Supreme Court explained in *Riggins,* supra, 474 Pa. at 129, 377 A.2d at 147 one of the advantages of requiring the sentencing court to state on the record its reasons for sentence is that such a statement "will minimize the risk of reliance upon inaccurate information contained in the pre-sentence report."

In *Commonwealth v. Wicks,* 265 Pa.Super. 305, 313, 401 A.2d 1223, 1227 (1979) we said, "Having received the testimony and pre-sentence report, the court must evaluate them; the testimony may well be in conflict, or not be credible, or otherwise not acceptable to the court, and the same may be so of the contents of the pre-sentence report." See *Wicks* generally as to the need to explain the reasons for sentence.

Without an adequate statement of reasons, we cannot determine whether the sentence was excessive. See *Wicks,* supra, 265 Pa.Superior Ct. at 314 n. 8, 401 A.2d at 1227 n. 8.

We refer the sentencing court to *Wicks* and *Riggins,* supra and remand this case for resentencing at which time the court is to explain on the record the individualized consideration it has given to the sentence. Jurisdiction is relinquished.