J-A12024-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYEEM STURGIS | : | |
| | : | |
| Appellant | : | No. 1453 EDA 2022 |

Appeal from the Judgment of Sentence Entered January 12, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002697-2020

BEFORE:  OLSON, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY NICHOLS, J.:  **FILED SEPTEMBER 12, 2023**

Appellant Tyeem Sturgis appeals from the judgment of sentence entered following his convictions for aggravated assault and related offenses. Appellant contends that the trial court abused its discretion and imposed an excessive sentence without adequate consideration of relevant sentencing factors.  After review, we affirm.

The trial court summarized the facts of this case as follows:

On May 12, 2020 around 10:37 a.m., corner store owner Juan Collado observed two to three males arguing outside of his supermarket located at 5351 Chestnut Street in Philadelphia.  Mr. Collado testified that around 10:40 a.m., he observed Appellant shoot complainant K.D., who was inside of his store located at 54th and Chestnut.

Philadelphia Police Officer Matthew Stahl arrived at the store minutes after the shooting in response to a radio call.  In viewing the surveillance system, Officer Stahl observed Appellant reach into his waistband, retrieve a gun, and point the gun at the complainant K.D.  K.D. and another male[, K.D.'s brother] attempted to take the gun but were unsuccessful.  They fled into

the . . . supermarket. Appellant followed the two men into the store and proceeded to shoot K.D. before fleeing in a blue Chevy Impala. Security footage also depicted Appellant coming back around the block in the blue Chevy Impala and pointing the gun at K.D. and [K.D.'s] brother while the car was still moving, after the shooting. Officer Stahl gave a description of Appellant based on the surveillance and Mr. Collado's statements.

Police stopped Appellant a short time later, a mere two blocks from the shooting at the grocery store. Mr. Collado positively identified Appellant as the person who shot K.D. Officer Stahl also testified that Appellant is the person he saw on the video surveillance system. Police arrested Appellant shortly after the shooting. Police Officer Nowell recovered a revolver wrapped in a jacket being held by a passenger in the car.

K.D. was [transported] to Mercy Hospital after being shot by Appellant. K.D. was transferred to Penn Presbyterian Medical Center due to one gunshot wound to his right abdomen area. After arriving at the hospital, K.D. underwent [an] emergent exploratory laparotomy, which revealed that he had a perforated right colon and a nondisplaced iliac wing fracture.

Trial Ct. Op., 9/9/22, at 2-3 (citations and footnote omitted and some formatting altered).

The matter proceeded to a non-jury trial on January 12, 2022. Ultimately, the trial court found Appellant guilty of aggravated assault, firearms not to be carried without a license, carrying firearms in public in Philadelphia, possessing an instrument of crime, simple assault, and recklessly endangering another person.[1] That same day, the trial court sentenced Appellant to a term of four and one-half to eleven years of incarceration for aggravated assault, a consecutive term of five years' probation for firearms

---

[1] 18 Pa.C.S. §§ 2702(a)(1), 6106(a)(1), 6108, 907(a), 2701(a), and 2705, respectively.

not to be carried without a license, and no further penalty on the remaining counts. *See* N.T., 1/12/22, at 12.

On January 19, 2022, Appellant filed a timely post-sentence motion for reconsideration of his sentence. Appellant's motion was denied by operation of law on May 19, 2022, and on May 26, 2022, Appellant filed a timely appeal. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issue challenging the discretionary aspects of his sentence:

> Did the [trial] court abuse its discretion when the court stated only that it reviewed [pre-sentence investigation (PSI)] reports and the sentencing guidelines but gave no reasons for the sentence imposed and the court failed to consider Appellant's rehabilitative needs?

Appellant's Brief at 4.

Appellant argues that the trial court failed to consider relevant sentencing factors and failed to state on the record its reasons for the sentence imposed. *Id.* at 13. Appellant also argues that Appellant cites the trial court's consideration of the PSI report was not a substitute for providing a statement of the reasons for the sentence imposed. *Id.* at 13-15 (citing ***Commonwealth v. Weldon***, 466 A.2d 1082 (Pa. Super. 1983)).

The Commonwealth responds that the decision in ***Weldon*** is no longer the law in Pennsylvania. Commonwealth's Brief at 10. The Commonwealth asserts that when a trial court states that it considered a PSI report, it is presumed that the court was aware of the relevant information and properly

weighed those considerations. *See id.* Moreover, the Commonwealth notes that the trial court is not obligated to provide a lengthy dissertation of reasons for the sentence imposed, and that the trial court may satisfy the requirement of placing on the record its reasons for the sentence imposed by stating it considered the PSI report. *See id.* at 10-11.

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); *see also* Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

- 4 -

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Battles*, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Grays*, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Here, Appellant filed a timely post-sentence motion, a timely appeal, and included a Rule 2119(f) statement in his brief. Additionally, Appellant has raised a substantial question for review. *See Commonwealth v. Flowers*, 149 A.3d 867, 871 (Pa. Super. 2016) (holding that a claim that the trial court failed to set forth adequate reasons for the sentence imposed raises a substantial question); *Commonwealth v. Derrickson*, 242 A.3d 667, 680 (Pa. Super. 2020) (citation omitted) (concluding that an assertion that the trial court failed to consider the sentencing factors set forth in 42 Pa.C.S. § 9721(b) raises a substantial question). Accordingly, we will review the merits of Appellant's challenge to the discretionary aspects of his sentence.

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its

> judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citation omitted). "In conducting appellate review, we may not reweigh the sentencing factors and impose our own judgment in place of that of the trial court." *Commonwealth v. Snyder*, 289 A.3d 1121, 1126-27 (Pa. Super. 2023) (citation omitted).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of offense in relation to impact on victim and community, and [the] rehabilitative needs of the defendant." *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered). Additionally, the trial court "must consider the sentencing guidelines." *Id.* at 848 (citation omitted).

Where the court has the benefit of a PSI report, we presume the court was aware of all appropriate sentencing factors and considerations, and we deem the requirement that the trial court place its reasoning on the record to be satisfied. *Snyder*, 289 A.3d at 1126; *see also Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (stating that "[t]he sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the [PSI] report; thus properly considering and weighing all relevant factors" (citation omitted)). This Court may only disturb a standard-

range sentence if we find that the circumstances of the case rendered the application of the guidelines "clearly unreasonable." 42 Pa.C.S. § 9781(c)(2).

As noted previously, Appellant cites **Weldon** as support for his argument that the trial court must do more than indicate that it had the benefit of a PSI report. Appellant's Brief at 15-16. The **Weldon** Court stated:

> [T]he fact that the sentencing court ordered a [PSI] report [does not] absolve it of the responsibility to state on the record its reasons for sentence. . . . [O]ne of the advantages of requiring the sentencing court to state on the record its reasons for sentence is that such a statement will minimize the risk of reliance upon inaccurate information contained in the [PSI] report.
>
> In **Commonwealth v. Wicks**, 401 A.2d 1223, 1227 (Pa. Super. 1979) we said, "Having received the testimony and [PSI] report, the court must evaluate them; the testimony may well be in conflict, or not be credible, or otherwise not acceptable to the court, and the same may be so of the contents of the [PSI] report." **See Wicks** generally as to the need to explain the reasons for sentence.

**Weldon**, 466 A.2d at 1084 (some citations omitted and formatting altered).

As reflected in this quote, the **Weldon** Court specifically relied on the **Wicks** decision. However, our Supreme Court expressly overruled **Wicks** and its progeny in **Commonwealth v. Devers**, 546 A.2d 12 (Pa. 1988). The **Devers** Court addressed this Court's holding in **Wicks** and stated:

> We emphatically reject, therefore, interpretations of our law in this area which call for separate, written opinions embodying exegetical thought. Where [a PSI] report[] exist[s], we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A [PSI] report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that

sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the [PSI] report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand. For that reason, **Wicks** and its voluminous progeny represent an intolerable deviation from our original intent on this issue.

**Devers**, 546 A.2d at 18. Given the clear pronouncement in **Devers**, and the more recent decisions in **Snyder** and **Ventura**, we discern no merit to Appellant's argument that when the trial court has indicated that it was informed by a PSI report, it is also required to state additional considerations and reasons for the sentence imposed.

Here, at sentencing, the trial court stated that it had considered the PSI report. **See** N.T., 1/12/22, at 4. The trial court also stated its awareness of the applicable sentencing guidelines and noted that the sentencing guidelines provided for a minimum sentence of between four and one-half to six years. **See id.** at 5. Further, the trial court ordered a mental health evaluation of Appellant in addition to the PSI for the sentencing hearing. **See** N.T., 10/20/21, at 73. At sentencing, the trial court explicitly referenced that the court reviewed all reports that were ordered. **See** N.T., 1/12/22, at 4. In addition, the trial court heard testimony of Appellant's good character from Appellant's mother and stepfather before imposing sentence. **See** Trial Ct. Op. at 5-6; N.T., 1/12/22, at 7-10. The Commonwealth recommended a

minimum sentence of five and one-half years to a maximum sentence of eleven years, which was in the middle of the standard range. *See* N.T., 1/12/22, at 10. The trial court reiterated its consideration of the sentencing guidelines, and it imposed a sentence of four and one-half to eleven years of incarceration for aggravated assault, which was at the lowest end of the standard-range. *See id.* at 11-12. The trial court then imposed a consecutive mitigated-range sentence of five years' probation for firearms not to be carried without a license. *Id.* Our review of the record concludes that the trial court thoroughly reviewed the PSI and mental health evaluation reports and heard witness testimony as well as the arguments of counsel at the sentencing hearing. Accordingly, the trial court fully considered Appellant's background, character, and rehabilitative needs in imposing Appellant's sentence and no relief is due.

Therefore, we discern no abuse of discretion by the trial court. *See Raven*, 97 A.3d at 1253. The record reflects that the trial court considered the PSI report, and therefore, we may presume that the trial court considered all appropriate sentencing factors and balanced those considerations with applicable mitigating factors. *See Snyder*, 289 A.3d at 1126. Contrary to Appellant's argument, the trial court satisfied the requirement of placing on the record its reasons for the sentence imposed by indicating it was informed by the PSI report. *See id.*; *Ventura*, 975 A.2d at 1135.

On this record, we have no basis to conclude that the trial court failed to consider the applicable sentencing factors, nor that it failed to state its

reasons for the sentence imposed.  ***See Snyder***, 289 A.3d at 1126.  For these reasons, we conclude that Appellant is not entitled to relief.  Accordingly, we affirm.

Judgment of sentence affirmed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/2023